In behalf of the auditor general of the State of Michigan the attorney-general filed a petition in the probate court of Allegan county in the estate of Benjamin Lugies, now deceased; but who since February 13, 1912, had been committed as a mental incompetent in the Kalamazoo hospital. The purpose of filing the petition was to obtain reimbursement *Page 712 
for the State of Michigan for its expenditures in maintaining the deceased mental incompetent person from the time of his commitment to the date of his death, September 29, 1936. On appeal from decision in the probate court to the circuit court the claim was allowed in the amount of $4,350.35, this being the total expense from August, 1923, to the date of Lugies' death. From the judgment so entered the auditor general appealed and the administrator of the estate of the deceased perfected a cross-appeal.
Except as hereinafter noted, all of the questions raised in the instant case are covered by our decision in the matter of the Estate of Mary T. Lewis, a mental incompetent,ante, 179. The decision of the circuit judge was in full accord with the holdings of this court in the Lewis Case, and therefore the decision herein should be affirmed, unless modification is necessitated by the question hereinafter considered.
The record in the instant case discloses that on the 30th day of September, 1926, the prosecuting attorney of Allegan county acting under the statute (2 Comp. Laws 1929, § 6893 et seq.
[Stat. Ann. § 14.816 et seq.]) filed a petition in the estate of Benjamin Lugies, mentally diseased, asking that said estate be subjected to payment to Allegan county and the State of Michigan of expenses paid and to be paid by them in behalf of said Benjamin Lugies. On October 20, 1926, an order was entered in the probate court in said proceedings by which it was provided that $150 per year should be paid by said estate to the auditor general toward reimbursing the State of Michigan for the expenses incurred by it or to be incurred by it in behalf of Benjamin Lugies. The order fixed the time at which such rate of payment should begin as November 1, 1925. The order further provided for its modification on the petition of *Page 713 
either party, and also that it should not prejudice the right to file and establish a claim for the period prior to November 1, 1925.
No appeal was taken from this order. It is conceded no payments were made thereunder. On behalf of the cross-appellant in the instant case one of the assignments of error is that:
"The court erred in not limiting the claim of the State of Michigan to the sum of $150 per year for the period commencing November 1, 1925 and ending September 29, 1936."
In support of this assigned error cross-appellant asserts that the order of the probate court in the former proceedings fixing the amount to be paid by the estate of the incompetent from and after November 1, 1925, is res judicata, and the circuit judge in the instant case was in error in allowing recovery in excess of $150 per year from November 1, 1925, to September 29, 1936, the date of Lugies, death.
As above noted, no appeal was taken from the former order of the probate judge fixing the amount to be paid at $150 per year, nor has a petition ever been filed for modification of this order. It continued in full force and effect from November 1, 1925, until Lugies' death. In a legal sense the same parties and the same subject matter are involved in the instant case as were formerly before the probate court, in so far as the period subsequent to November 1, 1925, is concerned.
A matter once fully adjudicated is conclusively adjudicated, as between the parties and privies. Hazen v. Reed, 30 Mich. 331
. A judgment is res judicata upon the points directly involved and determined therein in a subsequent suit between the same parties. Harris v. Clark, 74 Mich. 334. Decrees and orders of the probate court, made in the exercise of *Page 714 
its jurisdiction, are as final and conclusive as those of any other court. Burgess v. Stribling, 134 Mich. 33.
The contention of the cross-appellant of res judicata must be sustained. It follows that the judgment entered in the circuit court must be vacated. It is conceded that for the period from August 28, 1923, to November 1, 1925, the State is entitled to recovery at the rate fixed by the circuit court. But by reason of its having been previously adjudicated, the limit of the State's right to recover from November 1, 1925, to September 29, 1936, is at the rate of $150 per year. The case is remanded to the circuit court for entry of judgment in accordance herewith and for certification thereof to the probate court of Allegan county. Defendant's costs on this appeal may be deducted and paid out of the amount otherwise due the State.
BUTZEL, C.J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.