WESTIN *v.* BERRIEN PROBATE JUDGE.

1. Judgment—Probate Court Orders.
   The probate court is a court of record and its orders are as final and conclusive as those of any other court.

2. Same—Res Judicata.
   Conclusions of law and fact actually reached by a court in a former proceeding before it, especially those incorporated in preamble of decree, are *res judicata* as well as those which could have been, but were not, raised to sustain or defeat the claim there advanced except as one party's fraud or misrepresentation may have prevented his opponent from presenting such other ground in the original action.

3. Same—Attorney and Client—Stipulations—Probate Court Order—Res Judicata.
   Fact that attorney may have given clients erroneous legal advice in probation of estate did not preclude order of probate court, made pursuant to stipulation filed, from being *res judicata.*

General rule as to conclusiveness of former adjudication, see Restatement, Judgments, chap. 3, introductory note. As to equitable relief against probate decree, see Restatement, Judgments, § 114, comment c. Where record shows judgment to be void, see Restatement, Judgments, § 117, comment b. Rule as to effect of stipulation in subsequent action between parties based on different causes of action, see Restatement, Judgments, § 68, comment h.

4. SAME—RES    JUDICATA—PROBATE    COURT—STIPULATIONS—CHAN-
CERY CASE.
    Order of probate court, entered after filing of stipulation be-
    tween parties to controversy as to ownership of assets of
    estates of husband and wife, was *res judicata* of issues raised
    in suit to set aside probate orders, commenced months after
    expiration of period during which an appeal therefrom might
    have been taken, where each of the parties to chancery suit
    was a party to the probate proceeding and joined in the
    stipulation.

5. SAME—RES JUDICATA—MOTION TO DISMISS.
    A bill of complaint which shows on its face that there has been
    a previous adjudication of the same issues between the same
    parties does not set forth a valid cause of action and was
    properly dismissed upon motion (Court Rule No. 18, § 1 [e]
    [1933]).

6. SAME—AFTER-DISCOVERED DEFENSES.
    Judgments otherwise valid should not be lightly overturned in
    . equity because of after-discovered defenses.

Appeal from Berrien; Evans (Fremont), J.   Sub-
mitted June 10, 1943.   (Docket No. 54, Calendar
No. 42,414.)   Decided September 7, 1943.

Bill by Edward A. Westin, administrator *de bonis
non* with will annexed of the estate of Henry R.
Tonnelier, deceased, and others against Malcolm
Hatfield, Berrien Probate Judge, and another to
set aside a court order to require delivery of the
contents of a safety deposit box and to restrain
distribution in estate of Jane A. Tonnelier, deceased.
Bill dismissed.   Plaintiffs appeal.   Affirmed.

*Charles W. Gore* and *Arthur E. Leckner,* for
plaintiffs.

*Burns & Hadsell,* for defendants.

BUSHNELL, J.   Plaintiff Edward A. Westin, ad-
ministrator *de bonis non* with the will annexed of

the estate of Henry R. Tonnelier, deceased, and
others who are residuary legatees under his will
filed a bill of complaint against Anne C. Parsal, ex-
ecutrix of the estate of Jane A. Tonnelier, deceased,
and the probate judge of Berrien county, in which
they charged that defendant Parsal failed to dis-
close, in a final account which she filed in Henry R.
Tonnelier's estate, certain assets belonging to that
estate.  The necessary facts are concisely stated in
the opinion filed by the trial judge as follows:

"Henry R. Tonnelier and Jane A. Tonnelier, hus-
band and wife, originally residents of Berrien
county, Michigan, removed to Florida, where Henry
R. Tonnelier died July 29, 1938, and Jane A. Tonne-
lier died June 8, 1940.

"While residing in Florida, they had a rented
safety deposit box in the Peoples State Bank of St.
Joseph, Michigan, containing certain securities,
bonds and investments.  Shortly prior to the death
of Henry R. Tonnelier, Jane A. Tonnelier removed
these properties from the box in Peoples State Bank
and deposited them in a safety box rented by her in
Florida.  *  *  *

"Jane A. Tonnelier was appointed executrix of
her husband's estate.  Upon her death, plaintiff
Westin was appointed administrator *de bonis non,*
with will annexed, of his estate and Anne Parsal, one
of the defendants herein, was appointed executrix
of the estate of Jane A. Tonnelier, and proceeded
to file the final account of Jane A. Tonnelier, as
executrix of Henry R. Tonnelier.  She did not sched-
ule the safety box properties as part of the estate
of Henry R. Tonnelier, but claimed them for the
Jane A. Tonnelier estate.

"In her final account as executrix of Jane Tonne-
lier, on September 3, 1940, Mrs. Parsal scheduled
the properties as part of that estate, and on the
same day Mr. Westin, as administrator *de bonis non,*

with will annexed, of the Henry R. Tonnelier estate filed objection to its allowance.

"On December 4, 1940, these objections were withdrawn by stipulation, save as to objection No. 8, which was the objection involving ownership of the safety deposit securities.

"On March 13, 1941, a stipulation was entered into and filed, withdrawing objection No. 8. That stipulation was signed by Jane A. Tonnelier estate by Mrs. Parsal as executrix and by her counsel, also by Edward Westin as administrator *de bonis non,* with will annexed, and by his counsel: White & White, by Judge Charles E. White; also by Charles F. Tonnelier, Victor L. Tonnelier, Edward J. Tonnelier, Anna Dwan, Margaret J. Garvey, Mary McFarland, and Amelia A. Tonnelier, by White & White per Judge Charles E. White, their attorneys; also by Rose Tonnelier, Richard E. Tonnelier and Marie Boch, by Francis J. Miller, their attorney.

"By that stipulation, it was specifically 'agreed * * * that after an investigation of the circumstances and as many facts as can be ascertained * * * the contents of the safety deposit box * * * described in objection No. 8 filed in this cause by Edward A. Westin, administrator *de bonis non,* with will annexed, of the estate of Henry R. Tonnelier to the final account of the estate of Jane A. Tonnelier, as executrix of the estate of Henry R. Tonnelier, deceased, and the similar objections filed by Francis J. Miller, attorney for Rose Tonnelier, Richard E. Tonnelier and Mary Boch * * * *were the sole property of Jane A. Tonnelier* and that included therein were all the contents of the safety deposit box in the Peoples State Bank of St. Joseph, Michigan, excepting $10,000 in U. S. Government bonds, registered in the name of Henry R. Tonnelier or Jane A. Tonnelier or survivor.

" 'It is further agreed * * * that an order may be entered by the above court, *after a hearing upon such evidence as may be available,* including

this agreement that the contents of said safety deposit box in  *  *  *  Florida, *including* the contents of the safety deposit box in the Peoples State Bank of St. Joseph, Michigan, with the exception of the government bonds referred to, *were the sole and separate property of Jane A. Tonnelier during her lifetime and before the death of Henry R. Tonnelier.*' (Italics mine.)

"Notice of said hearing was waived by the parties signatory to the stipulation.

"On March 13, 1941, the date fixed by said stipulation, the probate court held such a hearing and entered an order reciting that the probate court 'heard testimony taken in open court of Anne C. Parsal, and having filed and read the stipulation' and being fully advised, et cetera, did 'order and adjudge  *  *  *  that the contents of the safety deposit box  *  *  *  referred to in objection No. 8  *  *  *  were the sole and separate property of Jane A. Tonnelier during her lifetime and prior to the death of said Henry R. Tonnelier.' The order further adjudged that they were her property at the time they were removed by her from the safety box in St. Joseph, Michigan, except as to the $10,000 government bonds which were registered in the name of either or survivor, it apparently being the intention of the stipulation to recognize that Jane A. did not take title to the government bonds prior to the death of Henry R., but as his survivor. The order then adjudged in usual language that objection No. 8 be disallowed, and the final account allowed.

"No appeal was taken from this order entered March 13, 1941. However, nine months later, on December 19, 1941, application was filed in the circuit court for leave to take a belated appeal. This application purported to be on behalf of Charles F. Tonnelier, Victor L. Tonnelier, Edward J. Tonnelier, Anna Dwan, Margaret J. Garvey, Mary McFarland, Amelia A. Tonnelier, and Edward A. Westin, administrator *de bonis non,* with will annexed, all of

whom had joined in the stipulation in the probate court waiving objection No. 8.''

Plaintiff Westin as administrator executed a receipt on May 21, 1941, for property belonging to the Henry R. Tonnelier estate, and stated therein that the probate court was ''authorized to enter a discharge of the estate of Henry R. Tonnelier and cancellation of her (defendant Parsal's) bond.'' On October 1, 1941, the probate judge entered an order discharging Jane A. Tonnelier as executrix of her husband's estate and cancelling her bond. In their bill of complaint filed October 5, 1942, long after the period allowed for appeal from the probate court's order had elapsed, plaintiffs charged that the stipulation above referred to was authorized by them only after their then attorneys had incorrectly advised them as to the law and the facts. Defendants filed a motion to dismiss plaintiffs' bill of complaint on the grounds of *res judicata* and lack of jurisdiction on the part of the chancery court. They also asserted that plaintiffs' ''alleged cause of action is nothing more than an appeal from orders heretofore entered by a court of competent jurisdiction after the lawful time for appeal therefrom and that an appeal from the order of the circuit court denying such belated appeal from the probate court has now been made to the Supreme Court of the State of Michigan.''

The circuit court's denial of plaintiffs' application for belated appeal from the probate court is determined this day in the case entitled, *In re Tonnelier's Estate, ante,* 229.

In view of our disposition of the matters involved in that and the instant case, it is unnecessary to determine whether the advice of plaintiffs' former attorneys was correct or not.

Each of the parties to the instant action was a party to the probate proceeding and joined in the stipulation. The issue as to the ownership of the securities was squarely before the probate court, and all of the questions now raised could have been presented in that proceeding, if plaintiffs had acted with due diligence. The probate court is a court of record and its orders are as final and conclusive as those of any other court. *Chapin* v. *Chapin,* 229 Mich. 515; *In re Lugies' Estate,* 287 Mich. 710; *Burnham* v. *Kelley,* 299 Mich. 452.

After the citation of various authorities the court said in *Dodge* v. *Detroit Trust Co.,* 300 Mich. 575, 611:

"From these authorities we hold that conclusions of law and fact actually reached by the court in the earlier proceeding (especially those incorporated in the decree by way of preamble) are *res judicata,* and further, that a prior decree precludes litigation of any issue of law or fact which a party to the earlier proceeding could have raised to sustain or defeat the claim therein advanced, though he did not do so."

Section 63 of the Restatement of the Law of Judgments provides:

"Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other ground in the original action.

"Comment: *a*    *    *    *    The rule has the effect of coercing the plaintiff to present all of his grounds for recovery in the first proceeding, which is similar to the coercion upon the defendant to produce all

of his defenses to the claim set up by the plaintiff. * * * As the defendant cannot after judgment for the plaintiff attack the judgment because of new defenses to the plaintiff's claim even though he was not aware of them at the time of the judgment, so likewise, after a judgment for the defendant, the plaintiff cannot, subject to the conditions stated herein, allege new grounds for recovery on the same cause of action upon which the judgment was rendered against him, even though he was not aware of these grounds when he brought the original action. * * *

"*e* * * * Where the plaintiff brought an action against the executor of a decedent claiming that certain securities had been given to him by the decedent in his lifetime and judgment was given for the defendant on the ground that the gift had not been completed by delivery of the securities, the plaintiff is precluded from maintaining a new action in which he claims the securities on the ground that the decedent had declared himself trustee of them for the plaintiff, provided that the court in which the first action was brought had jurisdiction to entertain an action for the enforcement of such a trust."

The trial judge summed up the entire matter when he said:

"Furthermore, if one can appeal to a court of chancery for relief in every case where they feel their own counsel has given them erroneous legal advice, there would be no end to litigation and the dockets of chancery courts would be smothered with appellate jurisdiction not conferred upon them by statute or common law."

The order of the probate court is *res judicata* of the issues here involved and the present bill of complaint does not set forth a valid cause of action because it shows on its face that there has been a pre-

vious adjudication.   The motion to dismiss was properly brought.   See Michigan Court Rule No. 18, § 1 (e) (1933).   The order entered by the trial judge dismissing plaintiffs' bill of complaint was proper.

Plaintiffs suggest that the probate order should be set aside because of subsequently discovered matters.   The court said in *Barr* v. *Payne,* 298 Mich. 85, 91:

"Barr had a legal defense but failed to assert it because he relied upon his mistaken understanding of the law. He subsequently failed to act with diligence to ascertain the correct rule of law."

We further said:

"Judgments otherwise valid should not be lightly overturned because of after-discovered defenses."

See, also, *Grimore* v. *Beauch,* 247 Mich. 439.

The decree dismissing plaintiffs' bill of complaint is affirmed, with costs to appellees.

Boyles, C. J., and Chandler, North, Starr, and Butzel, JJ., concurred.   Wiest, J. concurred in the result.