PRAWDZIK *v.* HEIDEMA BROTHERS, INC.

1. PLEADING—MOTION TO DISMISS—FACTS—LEGAL CONCLUSIONS.
    The rule that a motion to dismiss admits well-pleaded facts in the pleading sought to be dismissed does not apply so as to admit allegations of fraud, duress, deception and the like, which are mere legal conclusions.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 332.
[2, 4] 30A Am Jur, Judgments § 371.
[3] 30A Am Jur, Judgments § 372.
[5] 20 Am Jur, Evidence § 86.
[6] 30A Am Jur, Judgments § 150.

2. Judgment—Res Judicata—Parties—Subject Matter.

Conclusions of law and fact actually reached by the court in a prior proceeding between the same parties and relating to the same subject matter as again before the court are *res judicata*.

3. Same—Res Judicata—Claims Which Were Not Raised—Fraud.

A prior decree precludes litigation of any issue of law or fact which a party to the earlier proceeding could have raised to sustain or defeat the claim therein advanced, though he did not do so, except where fraud or misrepresentation prevented the presentation of such other grounds in the prior action.

4. Same — Ejectment — Possession — Injunction — Rehearing — Res Judicata.

Motion to dismiss bill of complaint, claiming judgment in prior ejectment action should be held for naught and that plaintiffs herein be granted an opportunity to assert their rights and defenses and for injunctive relief against enforcement of right to possession adjudged in the ejectment action, was properly granted, since the present proceeding in effect sought a rehearing of an action which is here treated as *res judicata*.

5. Courts—Records—Judicial Notice—Prejudice—Same Judge Hearing Second Proceeding Between Same Parties.

Claim that plaintiffs in suit to set aside judgment in ejectment action were prejudiced by the fact that the same judge heard the motion to dismiss and the ejectment action *held*, without merit, as a court takes judicial notice of its own files and records.

6. Judgment—Consent—Res Judicata.

A judgment taken by consent precludes a subsequent proceeding between the same parties relative to the same subject matter on the ground of *res judicata* the same as a judgment not consented to.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted January 15, 1958. (Docket No. 57, Calendar No. 47,483.)   Decided April 14, 1958.

Bill by John A. Prawdzik and Anna Prawdzik against Heidema Brothers, Inc., a Michigan corporation, to set aside a judgment in ejectment and to declare a deed to be in the nature of a mortgage.

Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*John P. Milanowski,* for plaintiffs.

*Lokker & Boter,* for defendant.

SMITH, J.   The primary issue in this case involves the doctrine of *res judicata.* The parties before us were the litigants in a prior action in which judgment was entered for the plaintiff, who is the defendant in this action. Resistance arose when it was sought to enforce the judgment entered.

The prior action was entitled, "Heidema Brothers, Inc., *v.* John A. Prawdzik and Anna Prawdzik, his wife." It was an action in ejectment. The plaintiff (sometimes hereafter referred to as Heidema) claimed title through 3 deeds: (a) quitclaim from the Prawdziks dated April 6, 1954; (b) quitclaim from the Prawdziks dated October 9, 1954; (c) quitclaim from Pratt Food Company dated September 14, 1954. The Prawdziks' answer set up that deeds (a) and (b) were not "in fact or in law deeds of conveyance of the title of said property," that they were never "delivered," and that they comprised only collateral security for defendant's indebtedness to plaintiffs. Heidema's reply denied such allegations and the case went to trial on July 14, 1955. Testimony on the issue was taken, the grant and foreclosure of mortgages in the chain of title described, together with the chronology respecting the execution of quitclaims (a) and (b), *supra.* (A sheriff's deed, on foreclosure of mortgage on the premises, had been executed on September 14, 1953 [prior to either quitclaim], in favor of Heidema's predecessor in title; a commissioner's deed, on foreclosure of a second mortgage on the premises, had been executed on July 15, 1954, subsequent to quit-

claim [a] but prior to quitclaim [b], in favor of another predecessor in Heidema's chain of title.) We will neither analyze nor exhaust this testimony in view of developments at the trial.  In the words of the court—

"The proofs were not going favorably for Mr. and Mrs. Prawdzik in that respect, and it seems to the court that their counsel appreciated that fact and thereupon sought to make as favorable a deal as he could make for his clients and that he did so. And he made a very favorable stipulation giving Mr. and Mrs. Prawdzik additional time, several months, from July to the first of January, as I recall it, and as it developed several months more—but that we are not interested in.  And based upon that stipulation the cause was continued with the understanding that if the obligations to the Heidema Brothers were not met that a judgment would enter.

"The court believes, had that stipulation not been made, judgment in the ejectment proceedings would have been entered forthwith against Mr. and Mrs. Prawdzik and they would not have had this additional time to raise this money."

The stipulation entered into in open court, and in the presence of the parties and spread upon the record is found in the footnote hereto.*

---

\* Defendant's Exhibit B, John A. Prawdzik and Anna Prawdzik, his wife, *v.* Heidema Brothers, Inc.

(Heidema Brothers, Inc., *v.* John A. Prawdzik—7/14/55.)

"*Mr. Levandoski:* May it please the court, I am pleased to report to the court here that during the noon recess and in the intervening time here that we have gone into extensive negotiations in an effort to develop some kind of a plan to dispose of the litigation now under trial, and I believe we have arrived at a compromise in this matter. And with permission of the court, I would like to state as a matter of record here the terms and provisions of the compromise agreement as I understand it to be.  And Mr. Boter, of course, is privileged to interrupt me here if I make any misstatements before I finish.

"The trial of this case on this matter, your Honor, is by agreement of counsel, and subject to approval of this court, to be adjourned to the 31st day of December, 1955.

"It is the understanding between the parties that if the defendants on or before the 31st day of December, 1955, pay to the plaintiff in this case the amount of their indebtedness for feed and other mer-

chandise that was sold and delivered by the plaintiffs to the defendants, plus the amount paid by the plaintiffs to the Pratt Food Company for its interest in the real estate involved in this litigation, plus the amount that the plaintiff paid to Robert Parnell, which is a matter of real-estate mortgage in the office of the register of deeds, plus the amount paid by the plaintiffs for taxes upon the real estate involved in this litigation, and insurance premiums; first, that the plaintiff may have paid for the dressing and storage of ducks that were raised by the defendants in this case and involved in the mutual business dealings between the plaintiff and the defendants, subject to any credits that the defendants are legally and equitably entitled to, plus the sum of $10,000, that the case will then be dismissed.

"If, on the other hand, the defendants—that the case will be dismissed and that the plaintiff will reconvey the property back to the defendants in this case the property involved in this litigation.

"In the event, on the other hand, that the defendants neglect to pay the items that I have just enumerated, that the plaintiff may then proceed to take a judgment in this pending litigation in this court without further notice to the defendants or their counsel of record.

"We also wish to stipulate at this point, your Honor, that if for any reason the plaintiffs and the defendants are unable to agree upon proper credits that they are entitled to in the course of their mutual dealings in arriving at the amount of indebtedness existing between the parties, that the matter shall then be submitted to the court for determination of the just and equitable amount, and both parties will agree to conclude the proposed settlement here upon the figure that the court would determine, in the event of disagreement between them on that subject matter.

"Now, unless your Honor can suggest to me, or counsel can suggest to me other additional points that could conceivably constitute a problem in the future disposition of this case, I believe that fairly and accurately states the understanding between the parties.

"*Mr. Boter:* That is correct.

"*The Court:* I would say I believe it covers it.

"*Mr. Levandoski:* Thank you, sir.

"*The Court:* Are you going to enter into any further written stipulation or let it stand on the record?

"*Mr. Levandoski:* Our plan was to let this stand on the record as the stipulation of the parties.

"*The Court:* All right. the court will then—

"*Mr. Boter:* There is one thing, the surveying expense with respect to preliminary survey will also—

"*Mr. Levandoski:* I might add one more detail I believe I overlooked here. As a part of the proposal of compromise settlement of this case, it is understood that the plaintiff is given authority by the defendants to send surveyors or engineers upon the premises in question and they shall have free access thereto for the purposes of making a survey of the property to enable the plaintiff to make some plans for the future, based upon a survey to be made in the very near future.

"If the defendants on or before December 31, 1955, pay the items that I have previously enumerated in my statement of our plan of compromise, that to that amount shall be added the amount of fees paid by the plaintiff to the surveyor for the services of the surveyor.

The Prawdziks having failed to make the payments set forth in the stipulation, judgment was entered in favor of Heidema in the ejectment proceedings on February 20, 1956, and writ of possession issued.

The plaintiffs in the case before us are the Prawdziks, husband and wife, the defendants in the former ejectment action. There has been a substitution of attorneys. Their bill of complaint recites the former ejectment action, the stipulation, and the judgment. It then goes on to repeat the former claims of collateral security, that "they were not apprised of their right in the proceedings in the case in ejectment regarding the loss of possession to this property," and that the prior case which "resulted in a judgment was a fraud on these plaintiffs, because the property in question" was worth more than the debt owed Heidema. The bill prayed that the judgment be held for naught, that the plaintiffs "be granted opportunity to assert their rights and defenses as aforesaid," and for injunctive and other relief. The defendant moved to dismiss on the grounds that a consent judgment had been entered and that the prior judgment was *res judicata*. Hearing was held thereon, in the course of which the court summarized the situation as follows:

" 'It seems to the court that they being present, referring to Mr. and Mrs. Prawdzik, being present in court at all times and being represented by competent counsel of their own choosing, that they cannot come into court now and say that they were not dealt with on a fair basis and then further say, "But Mrs. Prawdzik didn't understand what Mr. Prawdzik was doing," is really representing the case a little too strongly, as far as this court is concerned.

---

Making of the survey and all of the sketches, plans and drawings that the surveyor may make under the circumstances may be delivered to the defendant and they will become the sole and exclusive property of the defendants.

"*The Court:* The matter will be adjourned to [December] the 31st. Thank you, gentlemen."

."'The law can do no more than to give people an opportunity to be heard in court by competent counsel, and when that is done it ought to be the end of things, barring an appeal to a higher court.

"'I see no fraud, I see no simulation of fraud, I see no fraud to be inferred from what was done. I don't think the bill of complaint is founded in fraud myself. There is no allegation of misrepresentation of facts in this bill of complaint now before the court. The bill of complaint seeks to have this court give the Prawdziks a second hearing upon an issue which was before it in the ejectment case and that's all there is.'"

Amendments to the bill of complaint were then proposed, adding to the foregoing by attacking the stipulation on the grounds that plaintiffs thought the case was merely adjourned, that the stipulation was ambiguous and was never reduced to writing, repeating the charges that the quitclaim deeds were for collateral security only, and adding charges of economic duress, usury, and deception practiced upon Mrs. Prawdzik.

At subsequent hearings, further discussion was had, in the course of which the court explained to substituted counsel what had taken place in the ejectment action:

"You see these parties have misconceptions of what took place that day and Mr. and Mrs. Prawdzik, thinking that ejectment proceeding was founded upon a quitclaim deed, which they gave to the Heidema Brothers. That is not so at all. They say that to you and the court knows it isn't so; and it is a matter of record in this matter it isn't so. That proceeding was founded upon a deed given by mortgagees, the Pratt Food Company, which mortgage was finally and once and for all foreclosed and a sheriff's deed given to those mortgagees. At the expiration of the period of redemption the mortgagees conveyed to Heidema Brothers and then

(they) owned the property in fee simple for all purposes, against everybody.    Thereafter they gave Prawdzik further credit and did business with him in another way.    More goods were sold and bought between them and credit extended, but that had nothing to do with Heidema's title to this piece of property.    They discovered an error in the description in the Pratt deed and went to Mr. and Mrs. Prawdzik correcting certain errors in the description.    That was all brought out in the ejectment case.    With that sort of the background, what is the court going to think about paragraph 19, which says that the signature of the plaintiff, Anna Prawdzik, was secured on the quitclaim deed in the ejectment action by the deception practiced by the defendant, to-wit: that she was told she would never lose possession of her property."

The bills of complaint, original and amended, were dismissed and the case is before us on a general appeal.

Before us, appellants rely principally upon the proposition that upon a motion to dismiss the court must consider as true all well-pleaded facts alleged in the declaration.    From this they argue that their allegations of fraud must be accepted and that they are entitled to "their day in court" thereon.    At this point they make their initial mistake.    They have already had their day in court.    A disappointed or remorseful litigant cannot, by simply alleging new facts which were, or could have been, known to him at the time of prior litigation, have another day in court, and thereafter (upon new allegations, "admitted" by the motion to dismiss made by his harassed adversary) still another.    It is true, as appellants assert, that, generally speaking, a motion to dismiss admits well-pleaded facts.    But the principle does not aid them here.    The difficulties with appellants' present reliance upon admissions made by the motion to dismiss are twofold.    In the first place, al-

legations of fraud, duress, deception, and the like are mere legal conclusions. Such are not admitted upon a motion to dismiss. Secondly, turning to such specific facts as are set forth to sustain the conclusions drawn, we come squarely to the doctrine of *res judicata,* for it clearly appears that such facts had transpired prior to the trial of the ejectment action and either were utilized, or could have been utilized therein. It avails the party opposing the motion nothing that he may, indeed, have pleaded well all manner of facts, if they were (or could have been) available to him to support his position, or defeat his adversary's, in prior litigation between the parties. Such cases as *Oreland Equipment Company* v. *Copco Steel & Engineering Corp.,* 310 Mich 6, which do not involve the principle of prior adjudication in any way, are not here in point. The issue before us is controlled by our decision in *Westin* v. *Berrien Probate Judge,* 306 Mich 235, 241–243, wherein it was held:

"Each of the parties to the instant action was a party to the probate proceeding and joined in the stipulation. The issue as to the ownership of the securities was squarely before the probate court, and all of the questions now raised could have been presented in that proceeding, if plaintiffs had acted with due diligence. The probate court is a court of record and its orders are as final and conclusive as those of any other court. *Chapin* v. *Chapin,* 229 Mich 515; *In re Lugies' Estate,* 287 Mich 710; *Burnham* v. *Kelley,* 299 Mich 452.

"After the citation of various authorities the Court said in *Dodge* v. *Detroit Trust Co.,* 300 Mich 575, 611:

" 'From these authorities we hold that conclusions of law and fact actually reached by the court in the earlier proceeding (especially those incorporated in the decree by way of preamble) are *res judicata,* and further, that a prior decree precludes litigation of

any issue of law or fact which a party to the earlier proceeding could have raised to sustain or defeat the claim therein advanced, though he did not do so.'

"Section 63 of the Restatement of the Law of Judgments provides:

" 'Where a judgment on the merits is rendered in favor of the defendants, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other ground in the original action.

" 'Comment: *a* * * * The rule has the effect of coercing the plaintiff to present all of his grounds for recovery in the first proceeding, which is similar to the coercion upon the defendant to produce all of his defenses to the claim set up by the plaintiff. * * * As the defendant cannot after judgment for the plaintiff attack the judgment because of new defenses to the plaintiff's claim even though he was not aware of them at the time of the judgment, so likewise, after a judgment for the defendant, the plaintiff cannot, subject to the conditions stated herein, allege new grounds for recovery on the same cause of action upon which the judgment was rendered against him, even though he was not aware of these grounds when he brought the original action.' * * *

"The trial judge summed up the entire matter when he said:

" 'Furthermore, if one can appeal to a court of chancery for relief in every case where they feel their own counsel has given them erroneous legal advice, there would be no end to litigation and the dockets of chancery courts would be smothered with appellate jurisdiction not conferred upon them by statute or common law.'

"The order of the probate court is *res judicata* of the issues here involved and the present bill of complaint does not set forth a valid cause of action because it shows on its face that there has been a

previous adjudication. The motion to dismiss was properly brought. See Michigan Court Rule No 18, § 1(e) (1933)."[*]

It was, accordingly, held by us in *City of Highland Park* v. *Royal Oak No. 7 Storm Sewer Drain District*, 309 Mich 646, 650, that:

"While, as a general rule, on a motion to dismiss allegations well pleaded must be assumed to be true, nevertheless when attention is called to *City of Highland Park* v. *Oakland County Drain Commissioner*, 300 Mich 501, involving the same subject matter before the same court, the decision in that case as far as it governs the facts alleged is final. There cannot be a rehearing under the guise of a new bill of complaint."

There is no merit to the assertion that appellants were prejudiced because the same judge heard both the ejectment action and the motion to dismiss. A court takes judicial notice of its own files and records. Nor, under the circumstances before us, does the fact that a consent judgment was taken aid the appellants. The contrary is closer to the fact. *Russell* v. *White*, 63 Mich 409; *Clairview Park Improvement Co.* v. *Detroit & Lake St. Clair Railway*, 164 Mich 74 (33 LRA NS 250).

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

---

* See same citation, 1945 rules.—REPORTER.