# STATE OF MICHIGAN

# COURT OF APPEALS

In re K. O. SCHAFFER, Minor.

UNPUBLISHED
March 26, 2015

No. 322851
Wayne Circuit Court
Family Division
LC No. 14-515893

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

The minor child appeals from the circuit court order denying his guardian's petition to terminate the parental rights of his parents, respondent-mother Schaffer and respondent-father Sheldon, pursuant to MCL 712A.19b(3)(f).[1] We reverse and remand for entry of an order terminating respondents' parental rights.

Respondents are the natural parents of the minor child. In September 2010, when the child was four months old, Schaffer consented to his placement with petitioner, who was granted full guardianship in October 2010. In February 2013, petitioner was granted authority to adopt the child. In February 2014, petitioner filed a petition alleging that neither respondent had supported or maintained a relationship with the child and sought termination of their parental rights. Following a hearing, the trial court found that petitioner had established a statutory ground for termination under MCL 712A.19b(3)(f), but denied the petition because it found that termination of respondents' parental rights was not in the child's best interests. MCL 712A.19b(5). The minor child appeals that decision.

The trial court's decision regarding the child's best interests is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); MCR 3.977(K). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is

---

[1] Although the parties do not question this Court's jurisdiction, we note that our Supreme Court's recent order in *In re Iaquinta*, 497 Mich 851; 854 NW2d 111 (2014), suggests that an appeal by right may not exist in this case. To the extent that an appeal by right does not exist, because the parties have not challenged this Court's jurisdiction and have fully briefed the issue raised on appeal, we treat the claim of appeal as an application for leave to appeal and grant it. See *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998).

in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Whether termination is in the child's best interests is determined by a preponderance of the evidence standard. *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013). In deciding whether termination is in the child's best interests, the court may consider a variety of factors, including the parent's parenting ability, *In re Jones,* 286 Mich App 126, 129-130; 777 NW2d 728 (2009); "the parent's visitation history with the child," *In re White,* 303 Mich App at 713-714; the child's bond to the parent, *In re BZ,* 264 Mich App 286, 301; 690 NW2d 505 (2004); the advantages of a foster home over the parent's home, *In re Foster,* 285 Mich App 630, 634-635; 776 NW2d 415 (2009); the child's well-being while in care and the possibility of adoption, *In re White,* 303 Mich App at 713-714; and the child's "need for permanency, stability, and finality," *In re Gillespie,* 197 Mich App 440, 446-447; 496 NW2d 309 (1992).

The evidence demonstrated that Schaffer viewed the child's removal from her care as a "kidnapping," but that she did nothing about it and consented to a guardianship. Her later attempts to terminate the guardianship did not succeed, but she was allowed visitation with petitioner. According to petitioner, Schaffer participated in approximately 14 visits in 2012. Schaffer last visited the child in July or August 2012. She then moved away and sought no further contact with the child despite the fact that she had petitioner's contact information. In the meantime, the child was doing well in the custody of petitioner, whom he knew as his mother, and was bonded to petitioner's other children. Petitioner wanted to adopt him. At the time of the hearing, Schaffer was unemployed, living with her parents, and had another child whom the minor child did not know. The evidence showed that respondent Sheldon had not had any contact with the child, except for one occasion about two years before the hearing when petitioner took the child to meet with Sheldon for a DNA test.

As to Schaffer, the trial court found that petitioner had established a statutory ground for termination under MCL 712A.19b(3)(f) by clear and convincing evidence, a conclusion that Schaffer does not dispute on appeal. The trial court denied the petition, however, based on its conclusion that termination of her parental rights was not in the child's best interests because Schaffer was his biological mother, she wanted to regain custody, and she had returned to Michigan and attended court hearings. The court also found that termination of Sheldon's parental rights was not in the child's best interests because it did not terminate Schaffer's parental rights.

We reverse the trial court as to the best interests of the child. After a full review of the record, we conclude that the trial court misapplied the test as a matter of law by conflating Shaffer's interests with the best interests of the child. The reasons set forth for its conclusion were exclusively focused on the interests of Schaffer, not the child. See *In re Trejo,* 462 Mich 341, 356; 612 NW2d 407 (2000) (the "primary beneficiary" of the best-interests determination "is intended to be the child"). Certainly, Schaffer's good-faith desire to regain custody is relevant to the child's best interests. However, standing alone, as it does here, it speaks far more to her own interests than those of the child. By focusing exclusively on Schaffer's desire to get another chance, the court failed to consider the overwhelming evidence that termination was in the best interests of the child. Such evidence went well beyond that necessary to conclude that termination was in the child's best interests. Schaffer had little if any relationship with the child as she had not had any contact with the child for almost two years. The child had lived in a

stable relationship with her foster family for more than three years, since approximately four months of age. He had come to view petitioner and her children as his mother and siblings. Petitioner wanted to adopt the child to make him a permanent part of the family. The child's best interests clearly favored the continuation of this already established familial relationship, and termination was necessary to provide the child with this continued stability and the permanency and finality that adoption would bring.

We are left with a firm conviction that the trial court made a mistake as to the best-interests evaluation by focusing on Schaffer's interests rather than those of the child. Moreover, given the overwhelming nature of the evidence, we conclude that a remand to allow the trial court to review the case in this light is unnecessary and, in the interests of judicial economy and finality for the child, find that termination is in the child's best interests. As to Sheldon, the evidence as to best interests is even more compelling. It demonstrates that he had no relationship with the child whatsoever and did not appear to oppose termination of his parental rights. The trial court stated that the only reason it did not terminate Sheldon's parental rights was because it did not terminate Shaffer's parental rights, a decision we have now reversed. Even if we had not done so, it would not justify preserving Sheldon's parental rights. The law is clear "that the parental rights of one parent may be terminated without the termination of the parental rights of the other parent . . . ." *In re Marin*, 198 Mich App 560, 568; 499 NW2d 400 (1993). Thus, we conclude that the trial court clearly erred in finding that petitioner failed to show by a preponderance of the evidence that termination of Sheldon's parental rights was in the child's best interests.

Respondents also argue that the trial court erred in finding that petitioner had established the statutory ground for termination under MCL 712A.19b(3)(f). MCL 712A.19b(3)(f) provides that the trial court may terminate the rights of a parent to a child if the court finds, by clear and convincing evidence, that:

> The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8102, and both of the following have occurred:
>
> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.
>
> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

Subsection (f)(*i*) considers two independent situations: (1) whether the respondent provided support if he or she had the ability to do so or (2) whether the respondent substantially complied with a support order if one had been entered. *In re Newton*, 238 Mich App 486, 490-491; 606 NW2d 34 (1999). If an order of support requiring payment of some sum of money has

been entered, the respondent's ability to pay support is irrelevant because the ability to pay has been factored into the support order and the only issue to be determined is substantial compliance with the support order for the two-year period. *In re SMNE,* 264 Mich App 49, 54-55; 689 NW2d 235 (2004); *In re Newton,* 238 Mich App at 492-493.

Petitioner testified that she did not receive any support from Schaffer, and Schaffer admitted that she never gave petitioner money for child support. Thus, the trial court did not err in finding that MCL 712A.19b(3)(f)(*i*) was established with respect to Schaffer. Subsection (f)(*ii*) considers whether the respondent maintained a relationship with the child by visiting, contacting, or otherwise communicating if he or she had the ability to do so. Petitioner testified that Schaffer participated in approximately 14 visits in 2012, the last being in July 2012, and that Schaffer did not attempt to visit or contact the child after that time. The trial court credited that testimony and found that 14 visits over the course of a two-year period did not qualify as regular and substantial visitation. That finding is not clearly erroneous, especially considering that there was no visitation or contact after July or August 2012. See *In re Colon,* 144 Mich App 805, 814; 377 NW2d 321 (1985) (eight to 11 visits in 2-1/2 years did not qualify as regular and substantial visitation). Indeed, Schaffer seems to acknowledge that she regularly and substantially failed to maintain contact with the child, but asserts that "she had good cause why she failed to be consistent in those visits and contact with the minor child." However, she fails to provide an explanation of this asserted good cause. Because the trial court did not clearly err in finding that Schaffer regularly and substantially failed to visit or contact the child during the two-year period preceding the filing of the petition, and Schaffer does not adequately explain why there was good cause for failing to comply with this requirement, we reject Schaffer's argument that MCL 712A.19b(3)(f)(*ii*) was not satisfied.

As to Sheldon, petitioner testified that an order had been entered requiring Sheldon to pay $377 per month in child support and that he had not paid anything. Sheldon does not dispute that such evidence was sufficient to prove that he did not substantially comply with a support order, but contends that petitioner's testimony regarding the support order was inadmissible hearsay. Even if his contention is correct, "[a] court takes judicial notice of its own files and records," *Prawdzik v Heidema Bros, Inc,* 352 Mich 102, 112; 89 NW2d 523 (1958), and the lower court file contains a copy of the support order. Accordingly, we reject Sheldon's argument that MCL 712A.19b(3)(f)(*i*) was not satisfied.

As to contact with the child, petitioner testified that when she met Sheldon for DNA testing she gave him her telephone number, which she maintained until May 2014. Nonetheless, Sheldon never called or visited. Sheldon does not dispute that such evidence was sufficient to prove that he regularly and substantially failed to visit, contact, or communicate with the child, but argues that petitioner did not show that he had the ability to visit. The statute does not require that the parent visit the child; it requires that he "visit, contact, or communicate with" the child. Because the terms "visit, contact, or communicate" are phrased in the disjunctive, the petitioner is "not required to prove that respondent had the ability to perform all three acts. Rather, petitioner merely ha[s] to prove that respondent had the ability to perform any one of the acts and substantially failed or neglected to do so for two or more years preceding the filing of the petition." *In re Hill,* 221 Mich App 683, 694; 562 NW2d 254 (1997). Evidence that Sheldon had a telephone number where the child could be reached and never called was sufficient to

establish that he "regularly and substantially failed or neglected" to contact or communicate with the child.

Lastly, Sheldon argues that he was denied notice and so his right to due process was violated.[2] He notes that there was a discussion about his current address that was never resolved and that service was made by publication, but does not claim that this service was constitutionally or legally deficient. While Sheldon may not have been personally served, the court rules permit service of process by registered mail or publication when personal service "is impracticable or cannot be achieved." MCR 3.920(B)(4)(b) and (5)(c). The petition listed an address for Sheldon in Flat Rock. Petitioner stated at the preliminary hearing that this was the last address she had for Sheldon and, significantly, this was the address he listed on his August 2014 request for court-appointed appellate counsel. Sheldon made no effort to inform petitioner or the court of any other address or means of contact. The trial court "authorize[d] all forms of service, including publication." Service to the Flat Rock address was attempted by certified mail but was returned unclaimed, after which service was made by publication. Sheldon has not shown plain error.

Sheldon also raises a due process claim relating to the right to counsel. He asserts that he "never appeared by representation, as no attorney was appointed in the Trial Court," but does not claim that his right to counsel was actually violated. A respondent in child protective proceeding has a due process and equal protection right to counsel. *In re Powers,* 244 Mich App 111, 121; 624 NW2d 472 (2000). That right is also guaranteed by statute and court rule. MCL 712A.17c(4), (5); MCR 3.915(B)(1). However, that right is not self-executing. The court is required to advise the respondent of his right to retain counsel or his right to court-appointed counsel if indigent "[a]t [the] respondent's first court appearance[.]" MCR 3.915(B)(1)(a). The court is required to appoint counsel for a respondent if he "requests appointment of an attorney" and shows that he "is financially unable to retain an attorney." MCR 3.915(B)(1)(b). Sheldon never appeared in the trial court and never requested counsel until after he filed his claim of appeal. He has not shown a plain error.

In sum, we hold that the trial court clearly erred in finding that termination of respondents' parental rights was not in the child's best interests. Because we are not persuaded by any of respondents' asserted alternative grounds for affirmance, we reverse the trial court's order and remand for entry of an order terminating respondents' parental rights to the minor child. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro

---

[2] Sheldon failed to preserve this issue by raising it in the trial court. "Review of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).