STADLE v. TOWNSHIP OF BATTLE CREEK.

1. TOWNSHIPS—ZONING ORDINANCE—AMENDMENTS—REFERENDUM.

  The matter of approval by electors of a township zoning ordinance is not confined to the question as to whether a zoning ordinance should be adopted, but extends to the type or kind of zoning ordinance that should be adopted as well as amendments thereto (CL 1948 and CLS 1954, § 125.271 *et seq.*).

2. STATUTES—CONSTRUCTION—ORDINARY SENSE.

  Words and phrases are accepted in their ordinary sense when construing a statute.

3. WORDS AND PHRASES—ENACTMENT.

  An enactment is the giving of legislative sanction and executive approval whereby a bill becomes an act or law.

4. STATUTES—VETO POWER.

  The veto power is a legislative function, not affirmative and creative, but strictly negative and destructive.

5. TOWNSHIPS—ZONING ORDINANCES—REFERENDUM—AMENDMENTS.

  Statute empowering townships to enact zoning ordinances and amendments will not be construed to give township board an opportunity to pass a zoning ordinance acceptable to the residents of the township and then after 30 days provided for filing referendum petition, amend the ordinance in such a way as to be unacceptable to a majority of the residents without protest by referendum (CL 1948, §§ 125.282, 125.284).

6. SAME—ZONING ORDINANCE—AMENDMENTS—REFERENDUM.

  The grant of the right of referendum as to amendments of a township zoning ordinance is constitutional (CL 1948, § 125.-282; CLS 1954, § 125.284).

7. STATUTES—PRESUMPTION OF CONSTITUTIONALTY.

  Acts of the legislature are to be presumed constitutional, being declared void only when they manifestly infringe upon some provision of the Constitution.

8. MUNICIPAL    CORPORATIONS — ORDINANCES — INITIATIVE — REFERENDUM.

  Municipal legislation may be enacted by the representative legis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] Generally, 58 Am Jur, Zoning § 9.
[2] 50 Am Jur. Statutes § 238.
[3] 50 Am Jur, Statutes § 502.
[4] 50 Am Jur. Statutes § 96.
[6] 28 Am Jur, Initiative, Referendum and Recall § 3.
[7] 50 Am Jur, Statutes §§ 170, 195.
[8, 9] 28 Am Jur, Initiative, Referendum and Recall § 2 *et seq.*
[9] 11 Am Jur, Constitutional Law § 48.

lative body of a municipal corporation or by the exercise of the power of initiative or referendum.

9. CONSTITUTIONAL LAW—INITIATIVE—REFERENDUM.

The initiative and referendum are recognized as instruments of democratic government and are entitled to respect and should not be abridged by withdrawal from their processes of matter with which they are intended to deal (Const 1908, art 5, § 1).

10. MUNICIPAL CORPORATIONS—LOCAL REGULATIONS.

The propriety and policy of vesting in municipal organizations certain powers of local regulations, in matters concerning which the parties immediately interested may be more competent to judge than any central authority, is well recognized.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 12, 1956. (Docket No. 66, Calendar No. 46,676.) Decided June 4, 1956.

Bill by Wendell H. Stadle and Virginia Stadle against the Township of Battle Creek for declaratory judgment as to validity of proposed referendum on amendment to zoning ordinance. Following township's indication that it would not actively contest, L. B. Hanna, Jr., intervened as defendant. Decree for plaintiff. Intervening defendant appeals. Reversed.

*North, Allen & Scatterday (John M. Allen,* of counsel), for plaintiff.

*Andrew Cooke (George R. Sidwell,* of counsel), for intervening defendant.

KELLY, J. The question presented in this appeal is: Should PA 1943, No 184, as amended,* be construed to allow a majority vote of township electors by referendum to nullify a township board's amendment to a zoning ordinance?

The legislative intent, as expressed in sections 12 and 14 of said act, provides the answer to this question. Section 12 reads:

---

* CL 1948 and CLS 1954, § 125.271 *et seq.* (Stat Ann 1949 Rev and Stat Ann 1953 Cum Supp § 5.2963[1] *et seq.*).

"Within 30 days following the passage of such zoning ordinance, a petition signed by a number of qualified and registered voters residing in the township equal to not less than 8 per cent of the total vote cast for all candidates for governor, at the last preceding general election at which a governor was elected, in the township may be filed with the township clerk praying therein for the submission of such ordinance to the electors residing in the township for their approval or rejection. Upon the filing of such petition, such ordinance shall not take effect until the same shall have been approved by a majority of the electors residing in the township voting thereon at the next regular election which supplies reasonable time for proper notices and printing of ballots, or at any special election called for that purpose. The township board shall provide the manner of submitting such ordinance to the electors for their approval, and determining the result thereof." CL 1948, § 125.282 (Stat Ann 1949 Rev § 5.2963 [12] ).

Section 14 provides:

"Amendments or supplements to the zoning ordinance may be made from time to time in the same manner provided in this act for the enactment of the original ordinance: Provided, That it shall only be necessary to publish the section or sections to be amended in or added to the zoning ordinance: Provided further, That any amendment for the purpose of conforming a provision thereof to the decree of a court of competent jurisdiction as to any specific lands may be adopted by the township board and the amendment published without referring the same to any other board or agency provided for in this act." CLS 1954, § 125.284 (Stat Ann 1955 Cum Supp §5.2963[14]).

Appellees contracted to sell 12-1/3 acres of their property for $40,000. The prospective purchaser intended to build an auto theater thereon. The contract of sale was conditioned upon appellees taking

the necessary steps to have the premises rezoned as "C" commercial and securing the required permits to build said auto theater.

Appellees petitioned the township of Battle Creek for a reclassification and their petition was granted. The building inspector issued a building permit for an auto theater to be erected on said premises.

Within 30 days after reclassification, a petition was filed with defendant township by registered voters residing therein, equal in number to 8% of the total vote cast in said township for all candidates for governor in the last preceding general election, which petition requested that the question of reclassification be submitted to the electors of said township for their approval or rejection on a referendum vote.

Before an election date was fixed by the township board plaintiffs filed their petition in the Calhoun county circuit court in chancery praying for a declaratory decree* that the referendum provision be declared an unconstitutional delegation of legislative power to the local electors and that the referendum provision be inapplicable to amendments.

Defendant township of Battle Creek having indicated that it did not intend to defend such suit, L. B. Hanna, Jr., a signer of said petition and a resident and homeowner in said township, petitioned for and was granted leave to intervene in said proceedings.

The intervening defendant alleged that the plaintiffs purchased the land in an area already zoned "A" residential knowing that a large number of residences had been constructed in the neighborhood; that plaintiff Wendell H. Stadle was a member of the planning commission which made the recommendation to the township zoning board to rezone

___

* See CL 1948, § 691.501 (Stat Ann § 27.501).—Reporter.

his own property; that the rezoning would impair the value of intervening defendant's residential property, and that the proposed use would be a detriment to the intervening defendant and to the other persons living in said residential neighborhood.

The trial court held that the provisions of the statute did not confer the right of referendum as to any amendments to the zoning ordinance, and further that if section 12 would be construed as granting the right of referendum, such a grant would be unconstitutional as an improper delegation of legislative power to the electors.

We cannot agree with the trial court's finding that section 12 "merely confers upon the electors of the township the right by referendum if they so choose to pass upon the question of whether or not they will be governed by a zoning ordinance." There is no such limitation in section 12, and after the filing of a petition the "ordinance shall not take effect until the same shall have been approved by a majority of the electors." Such approval is not confined to the question as to whether a zoning ordinance should be adopted, but extends to the type or kind of zoning ordinance that should be adopted.

Section 14 of the act states:

"Amendments or supplements to the zoning ordinance may be made from time to time in the same manner provided in this act for the enactment of the original ordinance."

In construing the statute, words and phrases are accepted in their ordinary sense. See *Hammons v. Franzblau,* 331 Mich 572.

The word "enactment" is defined by Webster, New International Dictionary (2d ed), as follows:

"1. * * * the giving of legislative sanction and executive approval whereby a bill becomes an act or law.

"2. That which is enacted; a law; decree; statute; prescribed requirement."

This Court has held in *Wood* v. *State Administrative Board,* 255 Mich 220, that the veto power is a legislative function, not affirmative and creative, but strictly negative and destructive.

This act as construed by the trial court would give to the township board an opportunity to pass a zoning ordinance acceptable to the residents of a township and then after 30 days had expired, without protest by referendum, to amend the ordinance in such a way as to be unacceptable to a majority of the residents. We cannot so construe this statute.

We, therefore, hold that the act in question conferred upon the electors of Battle Creek township the right of referendum as to the amendment. The grant of the right of referendum as to amendments is valid and constitutional.

This Court has repeatedly held that the acts of the legislature are to be presumed constitutional, and it is only when they manifestly infringe upon some provision of the Constitution that they can be declared void, and, in case of doubt, every possible presumption is to be made in favor of the constitutionality of the act.

5 McQuillin on Municipal Corporations (3d ed), Initiative and Referendum, § 16.48, p 241, states:

"Municipal legislation may be enacted for the most part only by the representative legislative body of a municipal corporation or by exercise of the power of initiative or referendum, *i.e.,* by direct vote of the electors. The initiative and referendum are recognized as instruments of democratic government, widely used and of great value. Where they are authorized for a municipal corporation, they are entitled to respect and should not be abridged by withdrawal from their processes of matter with which they are intended to deal."

The Constitution of this State (1908) recognizes the right of referendum, as is evidenced by article 5, § 1, thereof.

In *Johnson* v. *Liquor Control Commission,* 266 Mich 682, 685, 686, this Court said:

"The propriety and policy of vesting in municipal organizations certain powers of local regulations, in matters concerning which the parties immediately interested may be more competent to judge than any central authority, is well recognized."

Decree reversed, and one ordered entered in the trial court in conformity herewith. Costs to appellant.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.