## BANKS *v.* BILLUPS.

1. APPEAL AND ERROR—RES JUDICATA—FINDING—EVIDENCE.

Finding of circuit judge on defendant's cross bill to establish trust with respect to property as to which plaintiff had instituted an ejectment action, after transfer of case to equity, that questions as to plaintiff's ownership of property involved, as to whether he became owner by fraud and whether his contract of employment as attorney, calling for 50% of the assets of the estate he had contracted to probate for defendant, was an illegal one, had been raised in probate court and were now *res judicata held,* justified by record presented.

2. JUDGMENT—RES JUDICATA—PROBATE COURT ORDERS.

Probate court orders are final orders and have the force and effect of judgments in courts of record and are *res judicata* of the matters disposed of therein.

3. SAME—RES JUDICATA.

One suit, in which issues are tried and disposed of on the merits, must conclude the litigation; hence, a party who fails in making a full presentation of his case and has a judgment passed against him, cannot be permitted to make a better showing in a new suit, the estoppel not depending upon the question of whether justice was done in the first suit but upon whether the merits were there considered and passed upon.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 30A Am Jur, Judgments § 337.
[3] 30A Am Jur, Judgments § 326.
[4] 30A Am Jur, Judgments § 783 *et seq.*

4. COURTS—PROBATE COURT ORDERS—FRAUD.

Probate court orders may be attacked for fraud in obtaining them but the fraudulent acts alleged must not have been known to exist at the time of the trial of the matter.

5. JUDGMENT—RES JUDICATA—TRUSTS—PROBATE COURT ORDERS.

Probate court orders which had determined issues sought to be raised by defendant's answer in a suit to impress a trust were properly found to be *res judicata* thereof.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted January 8, 1958. (Docket No. 17, Calendar No. 46,786.) Decided March 6, 1958.

Ejectment by William V. Banks against Joseph Billups, transferred to chancery side of court, where defendant sought relief on cross bill claiming property purchased by plaintiff with funds from estate while acting as attorney. Decree for plaintiff. Defendant appeals. Affirmed.

*Heading, Williams, Smith, Grubbs & Fonville* (*Jesse E. Williams,* of counsel), for plaintiff.

*Milton R. Henry* and *Emmett J. Traylor,* for defendant.

KAVANAGH, J. This action grew out of an attorney-client relationship established between attorney William V. Banks, plaintiff herein, and defendant, Joseph Billups, in the year 1931 when defendant employed plaintiff to probate the estate of his deceased wife. Accordingly in 1931 plaintiff was appointed administrator of her estate in Kent county, Michigan. It developed that the only asset of the estate in Michigan was a small amount of personal property and that there were real-estate interests in the State of Louisiana. On or about February 16, 1932, plaintiff petitioned in the parish of Claiborne, Louisiana, for his appointment as administrator of

the estate of Allie Ruth Jackson Billups, defendant's deceased wife. Subsequently he was appointed administrator in these ancillary proceedings.

By order of the district court of Claiborne parish, Louisiana, dated in April, 1938, William V. Banks was discharged as administrator and Joseph Billups was put into full legal possession of the Louisiana lands as the sole heir of his deceased wife. No further proceedings were taken in connection with the Kent county probate matter until May 18, 1949.

During the year 1945 plaintiff, William V. Banks, acquired title to a hotel in Mackinaw City, Michigan. For a period of time defendant, Joseph Billups, operated the hotel.

In 1947 Billups filed a suit in the Cheboygan county circuit court in chancery against William V. Banks, alleging that he had employed Banks to purchase the hotel for him and had furnished the money to purchase the property. Billups further alleged that Banks arranged the purchase but fraudulently took the deed to the hotel in his own name, using Billups's money and none of his own. In this suit Billups attempted to impress a constructive trust upon the hotel in his favor. Banks answered the bill of complaint, and, with the matter at issue and ready for trial, on May 6, 1949, the parties, by their respective attorneys, entered into the following stipulation:

"It is hereby stipulated and agreed, by and between the parties hereto, by their respective counsel, Oswald T. McGinn, attorney for plaintiff and Shepherd, Berry & Berry, attorneys for defendant, that this matter be determined in an accounting in the probate court for the county of Kent and that this action and all proceedings under it be discontinued.

"It is further stipulated and agreed that in the event that the probate court for the county of Kent does not determine title to the real estate located in

Cheboygan county, then in that event either party may apply to a court of competent jurisdiction to determine any issues between the parties."

Pursuant to such stipulation, on the same day the circuit court entered the following order:

"Upon reading and filing the stipulation, filed by the attorneys for the parties hereto, whereby it appears to the court that the parties have agreed that their differences be determined in an accounting in the probate court for the county of Kent and only in the event that the probate court for the county of Kent does not determine all of the matters in issue between them, shall the parties appeal to a court having jurisdiction over their issues.

"It is ordered that the above entitled cause shall be and is hereby dismissed without cost to either party."

On July 18, 1949, the probate judge for Kent county, Michigan, entered the following order:

"A hearing having been had on the final account filed herein by William V. Banks, executor, said hearing having been on the 28th day of June, 1949, and at which hearing William V. Banks, executor, was personally present, and both of said parties were also accompanied by their attorneys at such hearing, and both said parties having testified, and the court being fully advised in the premises;

"It appearing to the court after due examination of said account, and after hearing the testimony and viewing the exhibits furnished, that the same is correct and ought to be allowed;

"It is ordered, that said account be and is hereby allowed."

This order not having been appealed from, and Banks not having possession of the hotel at Mackinaw City, Michigan, on November 10, 1949, filed this action for ejectment in the circuit court for the county of Cheboygan, claiming title to the premises

and the right to possession. On May 27, 1954, defendant's default for failure to appear or answer was entered.

At a pretrial conference attended by the court and counsel for the parties the default was set aside by stipulation of counsel. On oral motion by the attorney for the defendant, the court transferred said cause from the law side to the chancery side of the court for hearing.

On the trial of the cause, in November, 1954, plaintiff, in support of his title to said land and his alleged right to possession thereof, introduced in evidence an abstract of title, from which abstract of title it appears plaintiff became vested of title to said premises.

Defendant, in answer to plaintiff's claim for possession of said lands, asserts that the funds used in acquiring the property by plaintiff were actually money belonging to defendant as heir of his deceased wife, and further, that plaintiff, at the time of such acquisition, was acting as defendant's attorney or agent, and that title so acquired to the lands in question was acquired in trust for the benefit of defendant.

This was the exact position originally taken by defendant in his previous bill of complaint, and which bill of complaint he stipulated could be dismissed so that the matters could be settled in probate court. The order of the probate court for the county of Kent was admitted in evidence. The circuit judge, sitting as chancellor, received evidence with reference to all of the claims of defendant and rendered an opinion that:

"From the exhibits received in evidence and from the testimony adduced at trial, this court takes judicial notice of the proceedings had in the probate court for Kent county; that from such proceedings this court concludes that an adjudication has been

had relating to the claims made by defendant in the instant case; that defendant's answer in its entirety is *res judicata* for the reason that the same facts were previously set up in objection to the plaintiff's final accounting to the probate court for Kent county, and that there are no facts set up in said answers that were not ruled upon by the court in allowing said account."

The court further stated that in his opinion plaintiff had sustained his burden of proving title in said lands and his right to possession thereof. Decree was entered indicating that defendant, Joseph Billups, had no right, title or interest in the property and that he had wrongfully occupied the same. The court declared title to be vested in William V. Banks free and clear of any claim of Joseph Billups and ordered Billups to pay for his illegal occupancy of the premises at the rate of $500 per year, totaling the sum of $3,750.

Defendant Billups appeals to this Court, claiming that the trial court erred in holding Kent county probate proceedings *res judicata* as to questions raised in defendant and cross plaintiff's cross bill of complaint; that the trial court erred, under the undisputed evidence, in not declaring the defendant and cross plaintiff to be at least an equitable co-tenant with the plaintiff and cross defendant; that the decree entered in favor of the plaintiff is against the great weight of the evidence; that the trial court erred in awarding a decree in favor of the plaintiff as a matter of law.

Plaintiff and appellee contends that the 2 questions involved are: (1) whether the trial court could properly find from the evidence adduced at the trial in this cause that the appellant had adjudicated his claim for an accounting in the probate court

of Kent county; (2) whether appellant failed to prove by clear and convincing evidence that the appellee had obtained title to the property by fraud.

The Court is not unmindful of the fact that the parties in the case at bar raised a question as to whether the plaintiff, a practicing attorney, having been employed to probate an estate, and, apparently by the time he had completed the administration, became the owner of all of the assets of the estate, and the very serious charge that he became the owner of them as a result of fraudulent acts, and even that his contract of employment, which called for 50% of the assets of the estate, might have been an illegal one. These are questions which properly are handled in the probate of estates and are matters which are normally raised with reference to the allowance of a final account of an administrator. The record amply justifies a finding by the circuit judge that these questions were raised in the estate of Allie Ruth Jackson in the probate court for the county of Kent, and that both plaintiff and defendant were present and testified on the hearing for allowances for the final account of the administrator. Both parties were represented by counsel. Both parties in a previous circuit court action stipulated through their respective attorneys that the matters might be tried in the probate court.

Probate court orders are final orders and have the force and effect of judgments in courts of record and are *res judicata* of the matters disposed of therein. This Court has spoken many times with respect to the power of probate courts in the application of the doctrine of *res judicata* to their decisions. Little need be, or could be, added to what has already been said. *Chapin* v. *Chapin,* 229 Mich 515; *Thompson* v. *Thompson,* 229 Mich 526; *Heap* v. *Heap,* 258 Mich 250; *McDannel* v. *Black,* 270 Mich 305; *Grigg* v.

*Hanna,* 283 Mich 443. It is not intended that a controversy shall be tried over and over, but rather that one suit, in which issues are tried and disposed of on the merits, must conclude the litigation. If a party fails in making a full presentation of his case, whereby the judgment has passed against him, he cannot be permitted to make a better showing in a new suit. In the early case of *Fifield* v. *Edwards,* 39 Mich 264, 266, this Court said:

"The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon."

This same principle has been restated many times in the cases of *McKinney* v. *Curtiss,* 60 Mich 611; *Hoppin* v. *Avery,* 87 Mich 551; *State of Michigan* v. *Sparrow,* 89 Mich 263; *Mertz* v. *Mertz,* 311 Mich 46. While it is true that the orders of the probate court may be attacked for fraud—*Adair* v. *Cummin,* 48 Mich 375; *Ewing* v. *Lamphere,* 147 Mich 659 (118 Am St Rep 563); *Babcock* v. *Babcock,* 150 Mich 558; *In re Estate of Rahn,* 241 Mich 29—the fraud which warrants equity in interfering with a judgment must be fraud in obtaining the judgment, and the fraudulent acts alleged must not have been known to exist at the time of the trial of the matter. In the case of *McDannel* v. *Black,* 270 Mich 305, 311, 312, this Court said:

"A settled account is conclusive between the parties unless some fraud, mistake, omission or inaccuracy is shown; * * * and if the party seeking relief was aware of the facts at the time of the settlement of the account, then the subsequently sought relief will be refused."

It is apparent from the record in this case that the defenses pleaded in the trial of the instant case

were known to defendant long before the hearing in probate court. This is evidenced by the fact that they were pleaded in his bill of complaint filed in the circuit court for the county of Cheboygan, which case was dismissed so that the matter might be disposed of by the probate court of Kent county. The lower court correctly found that defendant's answer in its entirety is *res judicata* for the reason that the same facts were previously set up in objection to the plaintiff's final accounting to the probate court for Kent county.

A number of other reasons are alleged by the appellant as to why the decision of the lower court should be reversed. However, the finding that the matters were *res judicata* has disposed of defendant's appeal, and therefore it is not necessary to go into the other reasons alleged for reversal.

Decree of the lower court is affirmed, with costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Voelker, JJ., concurred.