HUXTABLE v BOARD OF TRUSTEES OF THE CHARTER
TOWNSHIP OF MERIDIAN

Docket Nos. 48979, 48984. Submitted November 13, 1980, at Lansing.
—Decided January 6, 1981. Leave to appeal applied for.

The Board of Trustees of the charter Township of Meridian
amended Meridian Township's zoning ordinance by rezoning a
parcel of land owned by George and Louis Eyde d/b/a Eyde
Construction Company from rural residential to single family
low density. Within 30 days, petitions were submitted contain-
ing the signatures of 1500 residents of Meridian Township
requesting a referendum on the zoning amendment. The signa-
tures represented more than the necessary eight percent of the
number of township residents voting for governor in the last
election. The Board denied the request. Patricia U. Huxtable,
Vernon W. McLellen, and Janet D. Quiring filed suit in Ingham
Circuit Court requesting declaratory and injunctive relief to
compel the Board to schedule a referendum. The Eyde Con-
struction Company intervened as a defendant. Both plaintiffs
and the Board thereupon moved for summary judgment. Ray C.
Hotchkiss, J., granted plaintiffs' motion for summary judgment,
and an order was entered. The zoning amendment was subse-
quently disapproved by township voters. The defendants Board
and Eyde Construction Company appeal, alleging that the right
of referendum set forth in the Township Rural Zoning Act does
not apply to charter townships. *Held:*

1. Townships are provided with zoning powers by the Town-
ship Rural Zoning Act. Neither the act nor the Michigan

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 7, 30.
[2] 73 Am Jur 2d, Statutes § 194.
[3] 42 Am Jur 2d, Initiative and Referendum § 7.
   56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions § 30 *et seq.*
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions § 151 *et seq.*
[5] 82 Am Jur 2d, Zoning and Planning § 7 *et seq.*
[6] 73 Am Jur 2d, Statutes § 44 *et seq.*

Constitution distinguishes between charter and general law townships. The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it. The word "township" standing alone carries no intrinsic distinction between charter and general law townships and should be considered to include both within its plain meaning. The Township Rural Zoning Act applies to charter townships as well as general law townships.

2. Nothing in the statute authorizing the incorporation of charter townships excludes charter townships from the referendum provisions of the Township Rural Zoning Act.

Affirmed.

1. TOWNSHIPS — CHARTER AND GENERAL LAW — TOWNSHIP RURAL ZONING ACT — CONSTITUTIONAL LAW — STATUTES.

Organized townships exist pursuant to the Michigan Constitution and neither the Township Rural Zoning Act nor the Constitution distinguishes between charter and general law townships (Const 1963, art 7, § 17, MCL 125.271 *et seq.;* MSA 5.2963[1] *et seq.*).

2. TOWNSHIPS — STATUTES — STATUTORY CONSTRUCTION — LEGISLATIVE INTENT.

The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it; the word "township" standing alone in a statute carries no intrinsic distinction between charter and general law townships and should be considered to include both within its plain meaning.

3. TOWNSHIPS — CHARTER TOWNSHIPS — INCORPORATION — REFERENDUM — STATUTES.

Nothing in the statute authorizing the incorporation of charter townships excludes charter townships from the referendum provisions of the Township Rural Zoning Act (MCL 42.1 *et seq.,* 125.271 *et seq.;* MSA 5.46[1] *et seq.,* 5.2963[1] *et seq.*).

4. TOWNSHIPS — CHARTER TOWNSHIP ACT — POWERS — STATUTES.

The Charter Township Act gives to a charter township and its officers the powers of a general law township (MCL 42.1; MSA 5.46[1]).

5. ZONING — TOWNSHIPS, CITIES, VILLAGES, AND COUNTIES — STATUTES.

Zoning powers for townships, cities, villages, and counties are spelled out in separate statutes and the provisions of the

various acts differ substantially (MCL 125.271 *et seq.*, 125.581 *et seq.*, 125.201 *et seq.*; MSA 5.2963[1] *et seq.*, 5.2931[1] *et seq.*, 5.2961[1] *et seq.*).

6. STATUTES — SPECIAL STATUTES — GENERAL STATUTES.

A special statute relating to particular issues and questions must prevail over a more general statute.

*Michael J. Hluchaniuk*, for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *David VanderHaagen* and *William K. Fahey),* for defendant Board of Trustees of the Charter Township of Meridian.

*Lester N. Turner, P.C.,* for intervening defendants George Eyde and Louis Eyde.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,\* JJ.

ALLEN, J. In this appeal we are asked to decide whether the right of referendum set forth in the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* applies to charter townships. The question raised is of first impression. On December 7, 1979, the circuit court for Ingham County answered the question in the affirmative. Defendant Board of Trustees appeals of right. We affirm.

Defendant Board of Trustees (Board) is the governing body of the Charter Township of Meridian. Plaintiffs are residents and landowners in Meridian Township. On March 20, 1979, the Board amended the township's zoning ordinance by rezoning a parcel of land owned by Eyde Construc-

\* Circuit judge, sitting on the Court of Appeals by assignment.

tion Company from "rural residential" (net effective density of 1 unit per acre) to "single family low density" (net effective density of 2.6 units per acre). Within 30 days of the amendment, plaintiffs submitted petitions containing the signatures of 1,500 residents requesting a referendum on the zoning amendment. The petitions represented more than eight percent of the number of township residents voting for governor in the last gubernatorial election.

The Board denied the request by resolution on May 1, 1979, and on September 19, 1979, plaintiffs filed suit requesting declaratory and injunctive relief to compel the Board to schedule a referendum. After intervening defendants' motion to intervene was granted, both plaintiffs and the Board moved for summary judgment. On December 7, 1979, the trial court in a written opinion and order granted plaintiffs' motion for summary judgment. On May 20, 1980, the zoning amendment was disapproved by township voters, 2,762 votes to 884 votes.

In *Stadle v Battle Creek Twp,* 346 Mich 64; 77 NW2d 329 (1956), the Court held that the Township Rural Zoning Act gave the right of referendum for zoning ordinance amendments. Defendant contends that *Stadle* has no application because Meridian Township is not a general law township but is instead a charter township. It is defendant's contention that in general law townships all legislative power, unless expressly delegated, is retained by the inhabitants, MCL 41.2, 41.4; MSA 5.2, 5.4, but that in charter townships, all legislative authority is vested in the township board. We do not quarrel with defendant's statement that there are differences in the powers of the boards of general law and charter townships, but disagree

that it follows that the Township Rural Zoning Act does not apply to charter townships.

Townships are provided with zoning powers by the Township Rural Zoning Act. The preamble to that act, as amended, provides in part:

"AN ACT to provide for the establishment *in townships* of zoning districts within which the proper use of land and natural resources may be encouraged or regulated by ordinance * * *." (Emphasis supplied.)

The preamble refers to "townships" and does not distinguish between charter law townships and those existing pursuant to general law. Likewise, § 1 of the act permits the enactment of a zoning ordinance by the township board of an "organized township". MCL 125.271; MSA 5.2963(1). Organized townships exist pursuant to Const 1963, art 7, § 17. Neither the act nor the Constitution distinguishes between charter and general law townships. The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it. *Florentine Ristorante, Inc v Grandville*, 88 Mich App 614, 619; 278 NW2d 694 (1979). The word "township" standing alone carries no intrinsic distinction between charter and general law townships and should be considered to include both within its plain meaning. Thus, we conclude that the Township Rural Zoning Act applies to charter townships as well as general law townships.

Nothing in the statute authorizing the incorporation of charter townships[1] excludes charter townships from the referendum provisions of the Township Rural Zoning Act. Section 1 of the Charter Township Act gives to a charter township and its

[1] 1947 PA 359, MCL 42.1 *et seq.;* MSA 5.46(1) *et seq.,* effective October 11, 1947.

officers the powers of a general law township. That section grants,

"except as otherwise provided in this act, all the powers, privileges, immunities and liabilities possessed by townships, their inhabitants, and *by the officers of the townships by law* * * *." (Emphasis supplied.)

Section 5 of the statute confers broader powers. It reads:

"Except as otherwise provided in this act, *all legislative authority and powers* of each charter township shall be exercised and determined by a township board * * *." (Emphasis supplied.)

We do not read § 5 as conferring powers exclusive of the provisions of the Township Rural Zoning Act, a statute which by its terms applied to all townships and which was in existence some four years before passage of the Charter Township Act.[2]

Calling this Court's attention to decisions which hold that charter townships possess powers similar to incorporated cities and villages[3] and to the fact that, during legislative consideration of the most recent amendment to the Charter Township Act, a legislative analysis of the proposed bill, HB 4030, referred to charter townships as "proto-cities",[4] and further directing our attention to the fact that a city zoning ordinance which does not contain a referendum provision is not subject to a referendum, defendant concludes that, likewise, a charter

---

[2] The Township Rural Zoning Act, *supra,* 1943 PA 184, was effective July 30, 1943.

[3] *Warren Twp v Municipal Finance Comm,* 341 Mich 607, 619; 67 NW2d 788 (1954), *Renne v Waterford Twp,* 73 Mich App 685, 690; 252 NW2d 842 (1977). See also § 15, Charter Township Act, MCL 42.15; MSA 5.46(15).

[4] House Legislative Analysis Section, Analysis of HB 4030, March 3, 1977.

township ordinance containing no referendum provision is not subject to referendum. We are not persuaded. Zoning powers for townships, cities, villages and counties are spelled out in separate statutes. MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* (townships), MCL 125.581 *et seq.;* MSA 5.2931 *et seq.* (cities and villages), MCL 125.201 *et seq.;* MSA 5.2961(1) *et seq.* (counties). The provisions of the various acts differ substantially. For example, the statute pertaining to zoning by cities contains no referendum provision.

A special statute relating to particular issues and questions must prevail over a more general statute. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99; 43 NW2d 77 (1950). Furthermore, the preamble to the city zoning act, *supra,* limits the statute:

"AN ACT to provide for the establishment *in cities and villages* of districts or zones within which the use of land * * * may be regulated by ordinance." (Emphasis supplied.)

Nor are we persuaded that *Stadle* has been overruled by *West v Portage,* 392 Mich 458; 221 NW2d 303 (1974). That decision dealt with the referendum provisions of the home rule act, MCL 117.4i(6); MSA 5.2082(6), and is in no way applicable to townships. For the foregoing reasons, the judgment of the trial court is affirmed.

No costs, a public question being involved.