EYDE v MERIDIAN CHARTER TOWNSHIP

Docket No. 57381. Submitted May 12, 1982, at Lansing.—Decided
July 13, 1982. Leave to appeal applied for.

Plaintiffs George and Louis Eyde, doing business as Eyde Con-
struction Company, appeal from an order of the Ingham Circuit
Court, Ray C. Hotchkiss, J., which granted an accelerated
judgment to defendant the Charter Township of Meridian on
grounds of res judicata and collateral estoppel. This action
originated in 1979 when the township amended its zoning
ordinance to rezone plaintiffs' property. Certain township resi-
dents (hereinafter referred to as the Huxtables) then petitioned
for a referendum on the zoning amendment. When the town-
ship denied the Huxtables' request they filed suit in the Ing-
ham Circuit Court. The plaintiffs herein were allowed to inter-
vene as intervening defendants in that suit. The Ingham Cir-
cuit Court, Ray C. Hotchkiss, J., ruled that the zoning ordi-
nance was subject to a referendum. The township and the
Eydes appealed to the Court of Appeals which affirmed the trial
court. 102 Mich App 690 (1981). While that appeal was pend-
ing, the Eydes filed the instant action against the township in
the Ingham Circuit Court alleging estoppel of the township and
its voters, the incurrence of extensive costs in reliance on the
rezoning and that submission of the zoning question to a
referendum would constitute a taking of property without due
process of law. The Huxtables were allowed to intervene as
defendants by the trial court. The Eydes' motion to enjoin the
referendum election was denied on collateral estoppel grounds.
At the election the rezoning ordinance was disapproved. The
township and the Huxtables then answered the complaint
claiming as an affirmative defense that plaintiffs' action was

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 420-422.
[2] 46 Am Jur 2d, Judgments § 405.
[3] 28 Am Jur 2d, Estoppel and Waiver § 135.
[4] 46 Am Jur 2d, Judgments § 422.
[5] 46 Am Jur 2d, Judgments §§ 529-532.
[6] 46 Am Jur 2d, Judgments § 546.
[7] 61A Am Jur 2d, Pleading §§ 164, 182 et seq.

barred on res judicata grounds. The township moved for an accelerated judgment which was granted on the grounds of res judicata and collateral estoppel. Plaintiffs appeal from the order granting accelerated judgment contending res judicata does not apply. *Held:*

1. The Eydes were parties in the prior action and bound by the judgment.

2. While the prior suit was primarily concerned with the right to a referendum on the zoning ordinance, it was specifically concerned with rezoning the plaintiffs' property. Thus, the Eydes were obligated to assert every defense to the citizens' suit to compel a referendum, lest such defenses be waived.

3. The Eydes presented claims in the present action which properly belonged to the subject of the prior litigation and were actually litigated in the prior action. Therefore, plaintiffs' claim that a referendum would result in an arbitrary, capricious, and standardless decision contrary to due process was already litigated and the plaintiffs' claim that their due process rights would be violated by the referendum since they had expended time and money in reliance on the rezoning was already litigated.

4. The trial court in the prior action necessarily determined the general right to a referendum and the specific right to decide the zoning of the Eydes' property. A prior determination is binding in subsequent proceedings between the parties where resolution of the specific issue was necessary in deciding the subject matter of the first action.

5. For res judicata to apply, both actions must involve the same parties or their privies. "The same parties" means adversarial parties. Generally, codefendants are not adversaries. However, given the special circumstances of this case, the plaintiffs' action against the township is barred. The complaint in the present action does not set out a claim, but rather, sets out defenses to a referendum. The township and its residents were the same party for purposes of the defense, thus, any estoppel claims against the township constituted estoppel claims against the township's residents.

Affirmed.

1. JUDGMENTS — RES JUDICATA.

The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment but to every point which properly belonged to the subject of litigation

and which the parties, exercising reasonable diligence, might have brought forward at the time.

2. JUDGMENTS — RES JUDICATA — SPLITTING ACTIONS.

The doctrine of res judicata bars a plaintiff from splitting a cause of action and also bars a defendant from attacking a judgment because of new defenses to the plaintiff's claim, even though he was not aware of them at the time of the judgment.

3. PLEADING — ZONING — AFFIRMATIVE DEFENSES — WAIVER — COURT RULES.

Failure of a defendant, in a case involving the zoning of the defendant's land, to set forth an affirmative defense such as estoppel in his responsive pleadings constitutes a waiver of the defense (GCR 1963, 111.2, 111.3, 111.7).

4. JUDGMENTS — RES JUDICATA.

A prior determination is binding in subsequent proceedings between the parties, regardless of the scope of res judicata, where resolution of the specific issue was necessary in deciding the subject matter of the first action.

5. JUDGMENTS — RES JUDICATA — PARTIES.

The doctrine of res judicata may apply to an action where both the prior action and the present action involve the same parties or their privies; "the same parties" means adversarial parties.

6. JUDGMENTS — RES JUDICATA — CODEFENDANTS — ADVERSARIES.

Codefendants are generally not adversary parties for the purposes of res judicata, even though one codefendant could have filed a cross-claim against the other defendant; a judgment ordinarily settles nothing as to the relative rights and liabilities of the codefendants *inter sese* unless their hostile or conflicting claims were actually brought in issue, litigated and determined.

7. ACTIONS — JOINDER — COURT RULES.

A defendant generally has the election of either pleading a counterclaim or cross-claim or preserving it for a future independent suit (GCR 1963, 203.2, 203.3).

*Lester N. Turner, P.C.* (by *Robert E. McCarthy),* for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey),* for the Charter Township of Meridian.

*MacLean, Seaman, Laing & Guilford* (by *Kathleen Opperwall*), for the intervening defendants.

Before: ALLEN, P.J., and CYNAR and C. J. FALAHEE,* JJ.

PER CURIAM. Plaintiffs George and Louis Eyde, doing business as Eyde Construction Company, appeal from an order of the Circuit Court for Ingham County entered April 8, 1981, granting an accelerated judgment to defendant Charter Township of Meridian (hereinafter township) on grounds of res judicata and collateral estoppel, since the issues had been previously decided by a trial court and affirmed on appeal in *Huxtable v Meridian Charter Twp Board of Trustees,* 102 Mich App 690; 302 NW2d 282 (1981). In both that case and the instant case, plaintiffs sought to prevent the right to a referendum on a zoning amendment enacted by the township. The ordinance rezoned some 50 acres of plaintiffs' properties, known as Shoals II, from rural residential (RR) to single family low density (RAA). For purposes of this appeal, the cited case will be referred to as *Eyde I* and the instant case will be referred to as *Eyde II.*

In March, 1979, defendant township amended its zoning ordinance to rezone plaintiffs' Shoals II property. Within 30 days of the amendment, certain township residents (hereinafter referred to as the Huxtables) petitioned for a referendum on the zoning amendment. When the township denied their request, the Huxtables filed suit in the Ingham County Circuit Court and the Eydes, plaintiffs in the instant case, moved to intervene as intervening defendants. The request of the Eydes was granted in September 1979, but the Eydes were

* Circuit judge, sitting on the Court of Appeals by assignment.

enjoined from commencing any construction of a permanent building, land clearing or other excavation, or other permitted improvements on the Shoals II property during the period of litigation. In October 1979, the Eydes answered the Huxtables' complaint and filed a brief supporting the township's position that the right of referendum set forth in the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* did not extend to charter townships.

In their brief, the Eydes also argued that a referendum would result in an arbitrary, capricious, and standardless rezoning of Shoals II. On December 7, 1979, the trial court ruled that a zoning ordinance of a charter township is subject to a referendum. Both the township and the Eydes appealed to this Court which on January 6, 1981, filed its opinion affirming the decision of the trial court. *Huxtable, supra,* 694:

"The word 'township' standing alone carries no intrinsic distinction between charter and general law townships and should be considered to include both within its plain meaning. Thus, we conclude that the Township Rural Zoning Act applies to charter townships as well as general law townships."

On April 3, 1980, while the appeal in *Eyde I* was pending before this Court, the Eydes filed the instant action in the Circuit Court for Ingham County. Count I of the complaint alleged that the township had led the Eydes to believe their Shoals II acreage would be zoned single family low density (RAA), that the Eydes had incurred extensive costs in reliance thereon, that the township was estopped from not treating the property as zoned RAA, and that "because Meridian Township is so estopped, the voters of Meridian Township are also

estopped". Count II of the complaint alleged that submission of the zoning question to a referendum would result in an arbitrary, capricious, and standardless zoning constituting a taking of property without due process of law. On April 16, 1980, the trial court granted the Huxtables' motion to intervene as defendants. The Eydes moved to enjoin the referendum election set for May 20, 1980. The trial court denied the motion on May 19, 1980, finding that the doctrine of collateral estoppel barred relitigation of the election issue. At the election, the rezoning ordinance was disapproved by the township voters 2,762 (No) to 884 (Yes).

Following the election, the township and the Huxtables answered the complaint, arguing as an affirmative defense that Counts I and II of the complaint should have been raised in *Eyde I* and were, therefore, barred by res judicata. On January 22, 1981, the township moved for an accelerated judgment and on April 8, 1981, the trial court entered a written opinion and order holding that the present action was barred by res judicata and collateral estoppel since both the legality of a referendum and its application to the Eydes' property were previously decided by the trial court in *Eyde I,* and the decision had been sustained by this Court in *Eyde I.*

Despite the fact that at the trial level both *Eyde I* and *Eyde II* involved the same parties, the same properties, and the applicability of the same zoning amendment, plaintiffs on appeal contend that res judicata does not apply because: (1) the only issue decided in *Eyde I* was whether charter township residents had a statutory right to a referendum on a zoning ordinance, whereas a different issue is raised in *Eyde II, viz.:* whether an amendment to a zoning act may be revoked once it has

been detrimentally relied upon by plaintiffs; and (2) the estoppel-detrimental reliance claim of plaintiffs in the instant case could only have been raised in *Eyde I* by way of a cross-claim against the township which was a codefendant with the Eydes in the prior case. We disagree with plaintiffs on both scores.

I

Michigan courts have defined the scope of res judicata both narrowly and broadly. Narrow application bars the second action only if the same question was actually litigated in the first proceeding. See, for example, *Clements v Constantine,* 344 Mich 446, 453-454; 73 NW2d 889 (1955); *MacKenzie v Union Guardian Trust Co,* 262 Mich 563, 580-583; 247 NW 914 (1933). Broad application also bars those claims arising out of the same transaction which the plaintiff *could have brought but did not.* See *Gursten v Kenney,* 375 Mich 330, 335; 134 NW2d 764 (1965); and *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975), where the Supreme Court approved the following definition of res judicata:

"The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

Recently, in *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980), a divided Supreme Court adopted the broad definition approved of in *Curry* and *Gursten.*

The doctrine of res judicata not only bars a plaintiff from splitting his cause of action but also bars the defendant from attacking a judgment because of new defenses to the plaintiff's claim, even though he was not aware of them at the time of the judgment. *Prawdzik v Heidema Brothers, Inc,* 352 Mich 102; 89 NW2d 523 (1958). As stated in *Banks v Billups,* 351 Mich 628, 635; 88 NW2d 255 (1958):

"If a party fails in making a full presentation of his case, whereby the judgment has passed against him, he cannot be permitted to make a better showing in a new suit."

As noted earlier, in *Eyde I* plaintiffs intervened as parties defendant. Once permitted to intervene, whether as of right or by leave, the Eydes were parties to the action and bound by the judgment. While *Eyde I* was primarily concerned with the right to a referendum on a rezoning ordinance, it was specifically concerned with rezoning the Shoals II property from rural residential to single family low density. The Eydes were enjoined from developing their property until the right to referendum was resolved. They were obligated to assert every defense to the citizens' suit to compel a referendum on the zoning of the Shoals II property, lest it be waived. See GCR 1963, 111.2 and 111.3 (every defense must be included in a responsive pleading, and failure to assert defenses, with certain exceptions, constitutes waiver); GCR 1963, 111.7 (a party shall raise any affirmative defense, such as estoppel, in its responsive pleadings); *Furstenberg Brothers v Carrollton Twp,* 61 Mich App 230, 232; 232 NW2d 372 (1975) (failure to set forth an affirmative defense constitutes waiver).

Not only did the Eydes present claims in the

present action which properly belonged to the subject of the prior litigation, we find that the claims were actually litigated in the prior action. The Eydes specifically argued in *Eyde I,* in their brief in support of summary judgment, that township residents were not entitled to a referendum on the zoning of their land, since a referendum would result in an arbitrary, capricious, and standardless zoning decision, contrary to due process. This is exactly the same issue the Eydes alleged in Count II of their complaint in the present action. Additionally, the Eydes' attorney argued, at the hearing in support of the township's motion for summary judgment in the prior action, that his clients' due process rights would be violated by the referendum because the Eydes had spent a lot of time and money in reliance on the rezoning to single family low density and, consequently, the rezoning could not be changed, notwithstanding the results of the referendum. The trial judge explicitly stated in his December 7, 1979 opinion and order in *Eyde I* that the right to a public referendum on the rezoning ordinance would not result in a denial of due process of law.[1] Thus, although this Court's opinion in *Eyde I* related only to the right of a referendum, the trial court's opinion spoke to the issues raised by plaintiffs in this appeal.

Finally, regardless of the scope of res judicata, a prior determination is binding in subsequent proceedings between the parties where resolution of the specific issue was necessary in deciding the

---

[1] "Intervening defendants' belief that subjecting the zoning ordinance amendment herein to the uninformed and standardless whim of the voters of Meridian Township will result in an arbitrary and capricious taking of its private property and denial of due process of law is also without merit. The right to public referendum has had a long and favored tradition in American government and jurisprudence."

subject matter of the first action. *Hlady v Wolverine Bolt Co,* 393 Mich 368, 376-377; 224 NW2d 856 (1975). By enjoining the Eydes from developing the Shoals II property and compelling an election on the rezoning ordinance, the trial court necessarily determined not only the general right to a referendum but the specific right to decide the zoning of the Eydes' property. Little would be accomplished by ordering a referendum on the zoning amendment if the township or its citizens were thereafter estopped from asserting that Shoals II is not zoned RAA. See *Cantwell v Southfield (After Remand),* 105 Mich App 425, 429; 306 NW2d 538 (1981).

We recognize that for res judicata to apply, both actions must involve the same parties or their privies. *San Joaquin County, California v Dewey,* 105 Mich App 122, 130-131; 306 NW2d 418 (1981). "The same parties" means adversarial parties. Generally, codefendants are not adversaries for the purposes of res judicata, even though a codefendant could have filed a cross-claim against the other defendant:

"A judgment ordinarily settles nothing as to the relative rights and liabilities of the co-plaintiffs or co-defendants *inter sese,* unless their hostile or conflicting claims were actually brought in issue, litigated, and determined. 50 CJS, Judgments, § 819. See also Restatement, Judgments, § 82." *Cook v Kendrick,* 16 Mich App 48, 51; 167 NW2d 483 (1969).

The Eydes argue that since they were codefendants with the township in *Eyde I,* and since codefendants are not normally adversarial parties, their present cause of action should not be barred by res judicata. A defendant generally has the election of either pleading a counterclaim or cross-

claim or preserving it for a future independent suit. *Bank of the Commonwealth v Hulette,* 82 Mich App 442, 444; 266 NW2d 841 (1978); *Cook v Kendrick, supra;* GCR 1963, 203.2, 203.3.

Nevertheless, given the special circumstances of this case, we find that the Eydes' action against the township is barred. This is not the normal situation involving a claim or cross-claim. The *Eyde II* complaint does not set out a claim, but rather, sets out defenses, *i.e.,* theories to defeat the action for a referendum on the zoning of Shoals II. For purposes of the defense, the township and its residents were the same party and, in fact, the Eydes argued in both actions that if the citizens were estopped from changing the zoning classification back to RR, the township was also estopped, and vice versa. Accordingly, any estoppel claims against one party constituted estoppel claims against the other party.

The order granting accelerated judgment to defendants is affirmed. No costs, a question of public importance being involved.