MORLEY BROTHERS *v.* TOWNSHIP OF CARROLLTON.

1. TOWNSHIPS—WATER SYSTEM—PUBLIC WORKS REVENUE BOND ACT.
Publication of ordinance, adopted by township under municipal public works revenue bond act, under which township issued some bonds and thereby acquired part of the funds with which to construct a water system, was not sufficient to place plaintiff, which had furnished to the township in its own name materials used in the construction of the system, on notice that its bills might not be paid or that they were payable only out of specific limited funds (Act No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935).

2. SAME—WATER SYSTEM—PAYMENT—ULTRA VIRES.
With authority being given to acquire or construct a public project as defined in municipal public works revenue bond act, it must necessarily follow that authority to pay for the project is at the same time granted, hence contract with plaintiff to supply materials for township water system was not *ultra vires* (1 Comp. Laws 1929, § 958, as amended by Act No. 152, Pub. Acts 1931; Act No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935).

3. INTEREST—ACTION AGAINST TOWNSHIP.
Legal interest on unpaid balance for materials furnished by plaintiff to defendant township for water system serving a portion of the township is allowed from day action to recover therefor was commenced.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 12, 1943. (Docket No. 88, Calendar No. 42,256.) Decided May 18, 1943.

Assumpsit by Morley Brothers, a Michigan corporation, against Township of Carrollton, Saginaw County, a municipal corporation, for goods sold and delivered. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment in favor of plaintiff.

*William C. O'Keefe (R. S. Beach* and *D. R. Williams,* of counsel) for plaintiff.

*David E. McLaughlin,* for defendant.

NORTH, J. The facts of this case are stipulated and are briefly as follows. The township of Carrollton in Saginaw county on August 22, 1938, adopted an ordinance pursuant to Act No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 2486-22, Stat. Ann. § 5.2731), and constructed a water supply system. The township purchased from plaintiff materials which were used in the construction of the water system. The township is part urban and part rural in character; and not all of the township area is served by the water supply system as constructed. Plaintiff sued the township for the unpaid balance of $1,915.24 and the case was dismissed. Plaintiff has appealed.

Defendant resists payment for the materials which it admittedly received, and bases its defense on the claim that the township had no general powers other than statutory to construct or operate a water system or to spend any money raised by taxation therefor; that the system was constructed and acquired under the provisions of Act No. 94, Pub. Acts 1933, as amended, and only the moneys obtained from the sale of the self-liquidating revenue bonds issued under the act or proceeds from the operation of the system can be used for the purpose of paying the indebtedness created in the construction of the water system; and that any contract for the purchase of material or equipment for use in the water system is *ultra vires* insofar as obligating the township or the taxpayers thereof to pay for the same.

The record does not clearly disclose whether all

of the bonds authorized in the amount of $100,000 were sold, or whether the construction costs exceeded the proceeds of bonds sold, or any other reason why the plaintiff's account was not paid out of the funds presumably raised to apply on the construction cost of the system. Nor does the record show that any special "authority" or board or committee was set up by the township with special powers separate from the township to contract for the system with payment to be made only out of the funds raised for the purpose. The only showing made is that the township, *of itself,* purchased the material in its own name. Nor is there any showing that the plaintiff was advised or had knowledge that it was selling material to a special board or committee, limited in its power to contract for material only to the amount of special funds being raised by a special bond issue. As far as the record shows, the defendant purchased the materials on its own credit and the plaintiff sold the materials to the defendant on that basis. But in fairness to the defendant we must assume that the funds raised by the bond issue were not sufficient to pay for the construction cost of the water system. Apparently the township was quite willing to acquire the water system which the adopted ordinance declared was "necessary for the public health and safety of the township," and to accept materials from the seller; but now that the township's plans for financing the project have proven to be inadequate to pay for the full construction cost, it seeks to appropriate the materials it has received and to permit the seller to stand the loss; or possibly relegate the seller to securing payment from revenues of the water system after the prior lien of the bondholders is satisfied.

While it is true that section 7 of the ordinance as passed by the township provided that the ordinance

should be published once in a Saginaw paper, we cannot hold that this publication was sufficient to place plaintiff on notice that its bills might not be paid or that they were payable only out of specific limited funds.

Section 1 of Act No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935 (Stat. Ann. § 5.2731), authorizes townships and other municipalities to acquire or construct various public improvements including water supply systems. This act has been held constitutional. *Young* v. *City of Ann Arbor,* 267 Mich. 241.

Section 2 of the act (Stat. Ann. § 5.2732) provides: "This act shall be construed as cumulative authority for the purposes named in section one    *    *    * it being the purpose and intention of this act to create an additional and alternate method for the purposes herein named."

Sections 5,* 6, and 7 * of the act direct the manner in which self-liquidating bonds may be issued and give authority for the issuance of such bonds, if the township so elects.

The title * of the act is so worded as to give first to the municipalities, including townships, authority to acquire or construct certain improvements (including water supply systems) and then, as an aid to carrying out such projects, the power to issue self-liquidating bonds. We can find nothing in the act which provides that only the money raised by such bond issue may be used to pay for such construction. It would not even be necessary for the township to float such a bond issue if the township had funds on hand or other sources of income available with which to pay for the construction of the project.

With authority being given to acquire or construct a public project as defined in the act, it must neces-

---

* Amended by Act No. 66, Pub. Acts 1935.—REPORTER.

sarily follow that authority to pay for the project is at the same time granted. The issuance of self-liquidating bonds is authorized as one means of so making payment, but it is not made an exclusive means of obtaining funds for such payment. The defendant herein chose to take advantage of Act No. 94 and passed an ordinance which is in compliance with the provisions of the act. As required by Act No. 94, the ordinance so passed included therein a statement of the estimated cost of construction as $181,406, and yet only $100,000 in bonds were authorized. There is no indication that the construction would or did cost less than the estimated cost, and the query arises from what source the township expected the balance of $81,406 was to be paid.

We view the plaintiff in this case as a creditor of the township and we find nothing in the cited statute which applies to creditors. The restrictions and reservations in the act apply only to holders of the self-liquidating bonds. Act No. 94 permitted the construction and therefore the contract was not *ultra vires.* Appellee's contention to the contrary is not tenable. In this respect appellee cites 1 Comp. Laws 1929, § 958, as amended by Act No. 152, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 958, Stat. Ann. § 5.3), which in part provides: ''No board, officer or officers shall create any debt or liability against the township, or issue any warrant, certificate or order for the payment of money, except when the creation of such debt or liability or the payment of such money has been authorized by such vote (of the qualified electors) *or by the provisions of law.*'' But the obvious answer is that, as above noted, the expenditure for acquiring or constructing defendant's water system is expressly authorized ''by the provisions of law.'' Defendant ordered, accepted and used the materials for which plaintiff has brought suit; and defendant is legally bound to pay.

Judgment entered in the circuit court is reversed and the case remanded for judgment in favor of plaintiff in the agreed sum of ·$1,915.24, together with interest at 5 per cent. per annum from commencement of suit, September 5, 1942.    Plaintiff will have costs of both courts.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.