HOULIHAN BROTHERS BUILDERS, INC. v CARROLLTON TOWNSHIP

Tᴏᴡɴꜱ—Wᴀᴛᴇʀ ᴀɴᴅ Sᴇᴡᴇʀ Sʏꜱᴛᴇᴍꜱ—Cᴏɴᴛʀᴀᴄᴛꜱ—Rᴇꜰᴜɴᴅ Aɢʀᴇᴇ-
ᴍᴇɴᴛꜱ—Aᴜᴛʜᴏʀɪᴛʏ ᴛᴏ Pᴀʏ.

A township must refund sums advanced to it by a builder to
enable the township to construct extensions of the township
water and sewer system to the builder's subdivision develop-
ments under agreements whereby such refunds were to be
made after completion of the work where those extensions were
at all times in the possession and control of the township and
the township collected and retained all revenues from the
operation of the facilities thus acquired; the township had the
authority to construct the system and it must follow that it has
the authority to pay for the project.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 June 4, 1974, at Lansing. (Docket No. 18548.) Decided August 14, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Houlihan Brothers Builders, Inc. against Carrollton Township for repayment of money advanced to the township. Judgment for plaintiff. Defendant appeals. Affirmed.

*van Benschoten & van Benschoten, P. C.,* for plaintiff.

*Gerald G. Danin (Virtue & Carpenter, P. A.,* of counsel), for defendant.

Before: McGʀᴇɢᴏʀ, P. J., and R. B. Bᴜʀɴꜱ and O'Hᴀʀᴀ,* JJ.

Rᴇꜰᴇʀᴇɴᴄᴇ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions §§ 568, 569.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, J. Defendant appeals a judgment for $165,434.18 rendered in favor of the plaintiff by the trial judge.

In a well-written opinion the trial judge set forth the following facts:

"Plaintiff, Houlihan Bros Builders, Inc., entered into a series of watermain and sewer extension agreements with defendant Carrollton Township. Those agreements, with one exception to be discussed later in this opinion, were in writing and executed by the respective parties on forms prepared and provided for use by the defendant Carrollton Township's Board of Trustees.

"Plaintiff wanted the extensions so it could build and sell new homes. The defendant township wanted to encourage new home construction by plaintiff and others, but had no funds available for the needed sewer and watermain extensions.

"The essence of each contract was that the plaintiff builder would deposit a specified sum of money with the Carrollton Township treasurer, based on a calculation by the township engineer as to the probable cost of the proposed sewer or watermain extension. Thereafter, the township would construct the desired sewer or water extension, and plaintiff would be required to deposit additional sums, or would be given a refund of a part of its original deposit, so that the adjusted deposit covered the actual cost of the extension as completed.

"The adjusted figure and the agreement for refunding were then put into a formal document (with the one exception mentioned) and signed by the respective parties. Each such written agreement provided in part:

" 'Whereas, it is the intent of this agreement that the total amount of all of the deposits made by the "sponsor" (i.e., Houlihan Bros Builders, Inc.) prior to, during, and after construction be rebated to the sponsor, it is hereby mutually agreed that the rebate shall be without interest, and in such amounts and/or installments and at such time and/or times as funds become available and at the complete discretion of the township

board.' (Plaintiff's Exhibit 1) The same or similar language appears in each signed watermain extension agreement and in each signed sanitary sewer extension agreement between plaintiff and the defendant township.

"The signed agreements were received in evidence and show the following adjusted amounts unpaid thereunder:

| | "Water | Sewer | Date Signed |
|---|---|---|---|
| "Plaintiff's Ex. 1 | $ 8,944.01 | $16,505.40 | 4/29/60 |
| Plaintiff's Ex. 2 | 8,656.77 | 11,072.87 | 5/2/61 |
| Plaintiff's Ex. 3 | 6,430.08 | 6,781.04 | 12/29/61 |
| Plaintiff's Ex. 4 | 8,602.64 | 7,600.89 | 10/26/62 |
| Plaintiff's Ex. 5 | 4,377.47 | 7,377.15 | 3/27/64 |
| Plaintiff's Ex. 6 | 11,484.88 | 17,993.72 | 3/29/65 |
| Plaintiff's Ex. 8 | 11,931.26 | 15,553.00 | 10/4/65 |
| Totals | $60,427.11 | $82,884.07 | |
| | | 60,427.11 | |
| GRAND TOTAL | | $143,311.18 | |

"All of the deposits and deposit adjustments were made, and each of the projects listed above was constructed by the township, before the agreement for refunding was signed. The newly constructed sewer and watermain extensions were at all times in the sole possession and control of Carrollton Township, and the township collected and retained all revenues from the operation of the new township facilities thus acquired.

"Throughout the entire period, from the time of completion until shortly before suit was filed by plaintiff, the plaintiff company was repeatedly assured by successive supervisors of defendant Carrollton Township that all of the agreements would be honored as soon as the funds were available. In fact, each year the township treasurer sent out a written acknowledgment to plaintiff of the debt evidenced by the written contracts. The last such acknowledgment of record was dated July 1, 1969, and reaffirmed defendant's indebtedness to plaintiff on the written agreements as follows:

" 'At June 20, 1969, the Water and Sewer Department was indebted to you in the amount of $143,311.18 for cash advances used for extension of mains.' (Plain-

tiff's Exhibit 14) Prior annual written acknowledgments from the township treasurer were addressed to plaintiff in the same language (*e.g.,* Plaintiff's Exhibits 11, 12 and 13).

"The only sewer and watermain extension agreement not in writing, related to a Carrollton Township subdivision known as Skyhaven Park No. 4. The agreement between the parties as to Skyhaven Park No. 4 was exactly the same as it had been on the previous extension projects. The usual estimates, deposits and adjusted deposits were made by October 4, 1967 (See Plaintiff's Exhibit 9), but the difference was that even though the extensions were constructed and all deposit adjustments were made, the defendant township board would not give plaintiff a signed refund contract as previously done.

"The adjusted deposit was $22,123.00 (Plaintiff's Exhibit 9). The record shows that plaintiff did not intend to give this money to the township, nor did the township then disclaim liability for the refund. It simply refused to sign the formal document.

"Not until November of 1970 was plaintiff notified for the first time that the defendant township refused to refund any of the sums advanced to the township by plaintiff for the extension of sewers and watermains. On December 2, 1970, plaintiff filed the instant suit.

"Many defenses are raised, both in the pleaded 'Affirmative Defenses' and in defendant's brief."

The defenses raised by the defendant are the same defenses raised by the same defendant when the same water system was originally constructed. *Morley Bros v Carrollton Township,* 305 Mich 285; 9 NW2d 543 (1943).

We reach the same decision in this case that the Supreme Court reached in the *Morley Bros* case. The defendant had the authority to construct the water system and it must follow it has the authority to pay for the project.

The trial court is affirmed. Costs to plaintiff.

All concurred.