FURSTENBERG BROTHERS v CARROLLTON TOWNSHIP

1. Pleading—Contracts—Want of Consideration—Affirmative Defenses—Waiver of Defense—Court Rules.

Failure of a defendant, in a contract case, to set forth an affirmative defense of want of consideration in his pleadings constitutes a waiver of the defense (GCR 1963, 111.3, 111.7).

2. Appeal and Error—Preserving Question.

Failure to raise an issue at trial ordinarily precludes appellate consideration of the issue.

3. Towns—Townships—Estoppel—Authority of Officials—Construction Deposits.

A township which required deposits from a building contractor to finance construction of a water supply system to the builder's housing subdivision is estopped from asserting the lack of authority of its officials to promise repayment of the deposits where the township retains the benefits.

4. Assignments—Corporations—Suspension of Corporate Powers —Statutes.

A building contractor's assignment of a water main extension deposit held by a township, made while the contractor's corporate powers were suspended because of its failure to pay fees and file reports, was valid because during a suspension a corporation is able to dispose of and convey its property and to settle and close its business (MCLA 450.87).

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 April 10, 1975, at Lansing. (Docket No. 19509.) Decided May 28, 1975.

References for Points in Headnotes
[1] 17 Am Jur 2d, Contracts § 89.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 234.
[4] 6 Am Jur 2d, Assignments for Benefit of Creditors § 66.

Complaint by Furstenberg Brothers against Carrollton Township for payment of monies loaned to the township by plaintiff's assignor. Judgment for plaintiff. Defendant appeals. Affirmed and remanded for further proceedings.

*Albert C. Reinert,* for plaintiff.

*Gerald G. Danin,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant appeals from the judgment in Saginaw County Circuit Court awarding plaintiff $9,427.99 plus costs and interest from the date of filing suit, October 7, 1971.

According to the agreed statement of facts as set forth by the trial court, plaintiff's assignor, Betsy Ross Homes, Inc., (hereafter "Betsy Ross") deposited over $30,000 with the Treasurer of the Township of Carrollton in 1958 and 1959. This deposit was to be used to extend water and sewer services into the assignor's housing subdivision. The deposits were required because the township did not have sufficient funds to extend services at that time. A memorandum from the township supervisor promised that the township would refund these monies to Betsy Ross "as soon as funds are available from revenue received from the System for refunding purposes". Another memorandum from the township treasurer acknowledged specific deposits made by Betsy Ross. Only about $3,000 was refunded by the township to Betsy Ross.

On September 1, 1960, plaintiff received an assignment from Betsy Ross of $9,427.99 of this water main extension fund deposit. A month later plaintiff received confirmation from the township

supervisor of the balance owed to Betsy Ross. On October 12, 1960, plaintiff notified the township of the assignment.

On appeal, defendant raises five issues which, it contends, require a reversal. Defendant first contends that the alleged contract between defendant and plaintiff's assignor is unenforceable because the contract lacked consideration. This issue was not raised in the defendant's pleadings or at trial. Under GCR 1963, 111.3, 111.7, the failure to set forth an affirmative defense such as want of consideration constitutes a waiver. Further, failure to raise an issue at trial ordinarily precludes appellate consideration of the issue. *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). In any event, we consider this issue to lack merit.

In its second argument, defendant asserts that the contract was invalid since the township supervisor was not authorized to undertake the agreement. The third and fourth issues involve similar arguments. Defendant contends that the contract is void as *ultra vires* because it is contrary to various statutes and ordinances concerning municipal finance and debt service and because it violates a contractual pledge to bondholders.

The defendant was involved in a very similar case which was recently before this Court in *Houlihan Brothers Builders, Inc v Carrollton Township,* 55 Mich App 80; 222 NW2d 170 (1974). In that case, a building contractor like plaintiff's assignor sued for the return of $165,434.18 which had been deposited with the township for the extension of sewer and water services. The contracts had been made shortly after the one in the present case. Citing *Morley Bros v Carrollton Township,* 305 Mich 285; 9 NW2d 543 (1943), and holding in favor of the building contractor, the Court in *Houlihan* concluded:

"The defendant had the authority to construct the water system and it must follow it has the authority to pay for the project." 55 Mich App 80, 83.

*Morley Bros v Carrollton Township* involved yet another attempt to avoid payment for the costs of a water supply system by Carrollton Township.[1] The Michigan Supreme Court's rationale for rejecting the *ultra vires* defenses asserted by the township applies equally well in the present context. The township is estopped from asserting the lack of authority of its officials to promise repayment of the deposits so long as it retains the benefits. See *Coit v Grand Rapids,* 115 Mich 493, 495–496; 73 NW 811 (1898), and *Webb v Township of Wakefield,* 239 Mich 521, 527; 215 NW 43 (1927).

Defendant's fifth assignment of error is that the assignment between Betsy Ross and plaintiff was invalid since the assignor's corporate powers were suspended at the time of the assignment due to its failure to pay fees and file reports under the Michigan General Corporation Act, MCLA 450.87; MSA 21.87. Even assuming that the defendant has standing to challenge the validity of a contract to which it was not a party, the statute goes on to provide that "during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business". MCLA 450.87; MSA 21.87. Thus, defendant's argument is without merit.

We must address ourselves to the source and method of repayment. The failure to do so by the *Morley* and *Houlihan Bros* courts led to the trial

[1] In spite of this processional of cases involving the same township, the same subject matter and the same arguments, the trial court kindly presumed the "good faith" of defendant township. In view of the decision arrived at herein, we find it unnecessary to disturb this kind of presumption.

court's interpretation that this obligation is a general one to be spread against the township.

The intent of the parties as evidenced by their memorandum agreement clearly indicates repayment should be "from revenue received from the System for refunding purposes". Since the direct beneficiaries of this agreement are and have been the users of the system, it is obviously more equitable for them rather than the taxpayer generally to assume the repayment of this and similar obligations. We cannot hold, however, that all revenues presently being received by the system are "for refunding purposes" because this interpretation could be violative of the bond and interest coupon holders' statutory lien on the system's net revenues.[2]

1933 PA 94, as amended (MCLA 141.101 *et seq.;* MSA 5.2731 *et seq.),* and the instant Carrollton Township Ordinance No. 6 adopted pursuant thereto, order the system's revenues into a "Receiving Fund". Provision is thereafter made for disbursement in the following order of priority:

1) Operation and Maintenance Fund
2) Bond and Interest Redemption Fund
3) Bond Reserve Account
4) Replacement Fund
5) Improvement and Extension Fund
6) Surplus Fund

We interpret the apposite language of the foregoing provisions to allow for repayment of this obligation from whatever revenues exist after the requirements of the Bond Reserve Account are satisfied. Accordingly, we remand this cause to the trial court for a determination of what revenues

---

[2] MCLA 141.108; MSA 5.2738 creates such a lien and MCLA 141.103(g); MSA 5.2733(g) defines "net revenues". In addition, the ordinance here involved contains the same provision in its Section 5.

are contained in those applicable funds and for the effectuation of payment from same.

We conclude by noting that the statute and ordinance here involved are replete with references to the expressed intent that the system is to be operated so that its obligations are met.[3] If mismanagement and/or an inadequate rate structure is prohibiting the system from meeting its outstanding obligations, the statute and ordinance provide the trial court with sufficient authority to remedy the problem.[4]

The judgment below is affirmed, with interest from date of complaint. Costs to plaintiff. The cause is remanded for further proceedings consistent with this opinion.

---

[3] *See* MCLA 141.121; MSA 5.2751, and Carrollton Township Ordinance No. 6, §§ 11, 18(b).

[4] *See* Carrollton Township Ordinance No. 6, § 6, and MCLA 141.110; MSA 5.2740.